COMMONWEALTH *vs.* MICHAEL KLOSEK.

Worcester. January 9, 1928. — February 28, 1928.

Present: BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Motor Vehicle,* Operation. *Witness,* Cross-examination, Redirect examination. *Evidence,* Relevancy and materiality, Competency. *Practice, Criminal,* Exceptions.

At the trial of a complaint charging the defendant with operating an automobile upon a public way so that the lives and safety of the public might have been endangered, there was evidence that a crowd of people had gathered in front of a fire engine house on a public way; that as the defendant reached the engine house in his automobile a little girl ran out from the crowd; and that the defendant struck her. *Held,* that

(1) A question asked in cross-examination of a police officer called as a witness by the Commonwealth, "There was a good deal of criticism on the part of the officers who were on duty at the fire barn at that time?" was immaterial and irrelevant and properly was excluded in the discretion of the trial judge;

(2) A question asked in cross-examination of the same witness, who had previously stated that he was on duty on the sidewalk but was not on traffic duty, "You were on traffic duty that night, were you not?" properly was excluded within the discretion of the trial judge;

(3) Where the above mentioned witness testified in cross-examination that he did not notice any traffic on the street where the accident occurred, the exclusion of a question asked of him in cross-examination, "How many minutes before this machine went by did a machine go by in either direction?" was not harmful to the defendant and was proper within the discretion of the trial judge;

(4) Where the police officer had testified that he did not recall being asked the width of the macadam, and his testimony in the District Court was later introduced in evidence, a question asked him, "Then if that question were asked you and you answered would you say that

your answer of 'about one hundred feet or more' is not correct?" properly was excluded within the discretion of the trial judge.

Where there was evidence that the defendant at the trial above described drove in a westerly direction beyond the engine house about a quarter of a mile and then turned around and proceeded back to the engine house where he struck the little girl, a question as to his speed as he was proceeding westerly was immaterial and irrelevant.

A question asked of the defendant in direct examination at the trial above described, "Did you do everything within your power to avoid this accident?" was immaterial and properly was excluded; distinguishing *Robinson* v. *Springfield Street Railway*, 211 Mass. 483, 485.

A question, " Which way is east?" asked the defendant in redirect examination at the trial above described, properly was excluded; if counsel desired to show that the defendant had made a mistake in his cross-examination, his attention should have been directed to it by proper inquiry so that he would have had an opportunity to correct his previous statement.

Where testimony by a witness at the trial above described, that the defendant's automobile was being driven slowly as the little girl ran out from the sidewalk in front of it, remained without objection in the record, the defendant was not prejudiced by the exclusion of a question to the witness, "Was the car going fast or slow . . . ?"

A question, asked a witness in cross-examination at the trial above described as to his reason for going to the town hall, rightly was excluded.

Although a witness at the trial above described did not see the little girl leave the sidewalk, he properly was allowed to testify that she came from there, since her appearance when he saw her in the road, and the direction in which she was going when he saw her, might reasonably have indicated to him that she had come from the sidewalk.

Testimony as to the length and position of the "brake marks" of the defendant's automobile in the road was competent at the trial above described, in view of the defendant's testimony that he stopped his car within two or three feet after he struck the girl.

The exclusion of a question to a witness at the trial above described as to his testimony in the District Court respecting the number of people in the street when the accident occurred was not erroneous, if the stenographic report of his testimony in the District Court later was introduced in evidence.

COMPLAINT, received and sworn to in the Central District Court of Worcester on June 10, 1927, charging that the defendant on June 9, 1927, on a public way in Leicester did "operate an automobile so that the lives and safety of the public might have been then and there endangered."

On appeal to the Superior Court, the case was tried before *Butterworth*, J., a judge of a district court sitting in the Superior Court under Sts. 1923, c. 469; 1924, c. 485; 1926, c. 285; 1927, c. 282. The case was submitted to the jury

under instructions to which no exception was taken.    There was a verdict of guilty.    The defendant alleged exceptions to certain rulings by the trial judge on questions of evidence.

*C. W. O'Connor,* for the defendant.

*H. W. Brown,* Assistant District Attorney, (*C. B. Rugg,* District Attorney, & *E. G. Norman,* Assistant District Attorney with him,) for the Commonwealth.

CROSBY, J.    The defendant was convicted upon a complaint which charged him with so operating an automobile on a public way, in Leicester, that the lives and safety of the public might have been endangered.    The case is before this court on exceptions to the rulings of the trial judge on questions of evidence.

There was evidence tending to show that at about eight o'clock in the evening of June 9,1927, a crowd of from seventy-five to one hundred and fifty people had gathered in the vicinity of a fire engine house on Main Street, in Leicester. The defendant testified that he was driving his automobile in a westerly direction on Main Street at a speed of about twenty-five miles an hour, and, seeing a crowd of people in front of the engine house and on the opposite side of the street, he decreased his speed to about ten or fifteen miles an hour; that he travelled about one fourth of a mile beyond the engine house and then turned around and proceeded back, decreasing his speed from twenty-five miles an hour as he approached the engine house and that when he reached it he was travelling from ten to fifteen miles an hour; that at that point a little girl, seven years old, ran out from the crowd; that she was nine or ten feet in front of him when he first saw her; that he applied his brakes, sounded his horn, swerved his car toward the center of the street, where he struck her, and stopped his car within two or three feet. There was evidence that the automobile left "brake marks" on the road, which extended from about thirty feet from a blood spot on the road for a distance of one hundred and twenty feet to a place where the car came to a stop.

One Doyle, a police officer on duty at the engine house on the evening of the accident, was called as a witness by

the Commonwealth, and was asked on cross-examination: "There was a good deal of criticism on the part of the officers who were on duty at the fire barn at that time?" The question was excluded subject to the defendant's exception. This exception cannot be sustained. So far as appears it was immaterial and irrelevant to any issue involved at the trial. The same witness was also asked on cross-examination, "You were on traffic duty that night, were you not?" This was rightly excluded. He had previously stated that he was on duty on the sidewalk but was not on traffic duty. The next exception was to the question put to him on cross-examination: "How many minutes before this machine went by did a machine go by in either direction?" As he had already testified on cross-examination that he did not notice any traffic on the street where the accident occurred, the exclusion of this question was not harmful to the defendant. Doyle had testified that he did not recall being asked the width of the macadam; on cross-examination counsel for the defendant said, "Then if that question were asked you and you answered would you say that your answer of 'about one hundred feet or more' is not correct?" The testimony of the witness in the District Court was later introduced. What that testimony was is not before us. The question was rightly excluded. To all the foregoing questions the settled rule that the trial judge is given a broad discretion as to the extent and scope of legitimate cross-examination is applicable. *Jennings* v. *Rooney,* 183 Mass. 577, 579. *Commonwealth* v. *Turner,* 224 Mass. 229, 237, 238. *Commonwealth* v. *Kaplan,* 238 Mass. 250, 255.

The defendant's mother testified that a few minutes before the accident she saw him pass her house in a westerly direction and that he was "Not going fast, slow." She was then asked: "Can you tell us how fast or slow he passed?" To the exclusion of this question the defendant excepted. The speed at which the defendant was operating his automobile before the accident, while travelling in a westerly direction and before he turned around and went back to the scene of the accident, would seem to be immaterial and irrelevant.

The defendant was asked on his direct examination: "Did you do everything within your power to avoid this accident?" This question was rightly excluded. We are of opinion that it is distinguishable from the question held admissible in *Robinson* v. *Springfield Street Railway,* 211 Mass. 483, 485, which was an action to recover for personal injuries. In that case the plaintiff was asked on his redirect examination by his counsel, "Was there anything, Mr. Robinson, you could have done that you didn't do to have avoided this collision?" It was held that if the question had asked for the opinion of the witness it would have been incompetent, but that it did not in terms ask for the plaintiff's opinion but merely called for further facts. In the present case, which was a complaint for the violation of a criminal statute, the question whether the defendant did everything in his power to avoid the accident was immaterial. If it was proved that he violated the statute he was guilty. See *Jeddrey* v. *Boston & Northern Street Railway,* 198 Mass. 232, 235.

The question asked the defendant by his counsel on redirect examination, "Which way is east, Michael?" was excluded subject to the defendant's exception. Upon this record the exclusion was not erroneous. A witness is entitled on redirect examination to explain testimony given by him on cross-examination, and may correct or modify such testimony. *Bay State Paper Co.* v. *Duggan,* 214 Mass. 166. *Mahoney* v. *Gooch,* 246 Mass. 567. If counsel desired to show that the defendant had made a mistake in his cross-examination, his attention should have been directed to it by proper inquiry, and he should have been given an opportunity to correct his previous statement. The exception to the exclusion of the question must be overruled.

Chester Malesk, a boy eleven years old, testified that he was standing on the banking opposite the engine house; that he saw a little girl run from the sidewalk in front of the defendant's machine; that the car was "driven by the defendant going slow." The witness was then asked by defendant's counsel: "Was the car going fast or slow Chester?" he answered, "Slow." On objection by the district attorney

the question was excluded, subject to the defendant's exception. The witness had previously testified without objection that the defendant was ·travelling "slow." This testimony was not excluded but remained in the record. No request was made to strike it out. It was, therefore, before the jury for their consideration. In these circumstances the defendant was not prejudiced by the exclusion of the question objected to, and the exception to its exclusion cannot be sustained.

The question to the witness Milner, on cross-examination, as to his reason for going to the town hall was rightly excluded. It does not appear that it was admissible for any purpose.

One Hedges, a witness called by the Commonwealth, testified that at the time of the accident he was on the second floor of the engine house; "that his eyes were in the air . . . the first that he saw of the little girl was when she was in the center of the road"; that he could see only the people on the bank opposite the engine house. He was asked, on direct examination by the district attorney, "Where did the little girl come from?" Subject to the defendant's exception, the witness was permitted to testify that she came from the sidewalk. We are of opinion that the evidence was competent; although the witness did not see the girl leave the sidewalk her appearance when he saw her in the road, including the direction in which she was going when he saw her, might reasonably indicate to him that she had come from the sidewalk. This exception must be overruled. Hedges further testified, in substance, that he measured the "brake marks" of the defendant's car on the road for one hundred and twenty feet; that they extended about thirty feet from the blood spot in the road to the place where the car stopped. This evidence was competent in view of the defendant's testimony that he stopped his car within two or three feet after he struck the girl. The exclusion of the question put to the witness Hedges, on· cross-examination, relative to what he testified to in the District Court respecting the number of people on the street at the time of the

accident, was not erroneous. The stenographic report of his testimony in the District Court was later introduced in evidence.

As no error appears in the conduct of the trial, the entry must be

*Exceptions overruled.*