BENJAMIN GEORGE SAX *vs.* PEARL HORN.

Middlesex.    February 2, 1931. — February 4, 1931.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & SANDERSON, JJ.

*Evidence*, Of speed, Competency.  *Practice, Civil*, Exceptions: whether error harmful.

At the trial of an action of tort for injuries resulting from a collision between two automobiles operated respectively by the plaintiff and by the defendant, which had approached each other at right angles at an intersection of two streets, it was error to exclude testimony by a witness for the plaintiff that the defendant's automobile was "going considerably faster" than the plaintiff's automobile, on the ground that, as a matter of law, such testimony was inadmissible because the witness previously had testified that he was unable to estimate the speed of either automobile in miles per hour.

The error above described was not harmful because the witness in his previous testimony had fixed the respective distances the two automobiles travelled in the same period of time previous to the collision and the jury thereby were enabled to form at least as accurate an estimate of their relative speeds as that expressed by the witness; and an exception to the exclusion of the evidence was overruled.

TORT.    Writ dated August 16, 1929.

The action was tried in the Superior Court before *Greenhalge,* J.   There was a verdict for the defendant.   Exceptions by the plaintiff relating to evidence are described in the opinion.

*F. Goldman & S. Sax,* for the plaintiff, submitted a brief.
*F. E. Smith,* for the defendant.

RUGG, C.J.   This is an action of tort wherein the plaintiff seeks to recover compensation for personal injury and property damage, sustained by him while driving his automobile, caused by collision shortly after midnight on a July day with an automobile owned, and alleged to have been negligently operated, by the defendant.   There was evidence tending to show that the plaintiff operated his automobile travelling easterly along Valley Street toward Franklin Street in Lawrence at the rate of ten to twelve miles an hour.   The defendant was operating her auto-

mobile travelling southerly on Franklin Street toward Valley Street. Valley Street, which runs east and west, and Franklin Street, which runs north and south, cross each other at right angles, the square constituting the intersection of the two streets being thirty-four feet in length on each side between the curbs. So far as here material, each corner of this intersection was covered with buildings so as to obstruct the view of travellers approaching the intersection as were the plaintiff and the defendant. The plaintiff entered the square constituting the intersection of the two streets first and on looking to his left observed the headlights of the defendant's automobile approaching and coming southerly on Franklin Street toward its intersection with Valley Street. The defendant's automobile did not enter the intersection of the two streets while the plaintiff was in that intersection, and the right front end of the defendant's automobile struck the left rear end of the plaintiff's automobile at a point on the plaintiff's right hand side of Valley Street, that is the southerly side of Valley Street, about fifteen feet easterly of the point where the southerly line of Valley Street and the easterly line of Franklin Street intersect. The above must be assumed to be the facts in passing upon the exception about to be stated.

A young lady, who was in the automobile with the plaintiff, was called as a witness. She indicated upon a plan of the locality, used at the trial and drawn to scale, the point on Franklin Street where on entering the square constituting the intersection of the two streets she first saw the lights of the defendant's automobile. That point was on the westerly side of Franklin Street about seventy-two feet northerly of the intersection of the westerly line of Franklin Street with the northerly line of Valley Street. She testified that she was unable to estimate the speed of either automobile in miles per hour but that the plaintiff's automobile was going very slowly, and that while passing through the intersection of the two streets she did not see the defendant's automobile again until an instant before it struck the plaintiff's automobile. She was then asked,

"Can you make a comparison of the speeds of the car in which Miss Horn (the defendant) was driving with the car in which you were riding," and answered, "I can just say it was going considerably faster." On motion of the defendant this question and answer were stricken out, not because of defect in the form of the question or of the answer, not in the exercise of discretion, but as a ruling of law because the witness could not testify or give some idea as to the rate of speed of the automobile. The plaintiff duly excepted.

The ruling was wrong. The answer of the witness was not a mere epithet as descriptive of speed; testimony of that nature has no evidentiary force. *Marcienowski* v. *Sanders,* 252 Mass. 65, 67. *Whalen* v. *Mutrie,* 247 Mass. 316, 318. *Selibedea* v. *Worcester Consolidated Street Railway,* 223 Mass. 76. *Singer Sewing Machine Co.* v. *Springfield Street Railway,* 216 Mass. 138. While her answer was not couched in terms of miles per hour, it was a statement of comparison touching the relative speeds of the two automobiles involved in the accident. It was or might be material on the issue of the fault of the drivers to determine which automobile was being driven at the higher rate of speed. A witness may be unable to express a helpful opinion as to the rates of speed of moving motor vehicles and yet give an accurate estimate of their relative speeds. Such testimony cannot be said to be without probative value. *Welch* v. *New York, New Haven & Hartford Railroad,* 176 Mass. 393. *Noyes* v. *Noyes,* 224 Mass. 125, 129, 130. *Johnston* v. *Bay State Street Railway,* 222 Mass. 583, 585. That is especially true in the case at bar where the plaintiff might have been found to be entitled to the right of way across the square constituting the intersection of the two streets and the defendant was approaching it. *Fournier* v. *Zinn,* 257 Mass. 575. G. L. c. 89, § 8, as amended by St. 1926, c. 330, § 1; St. 1928, c. 357, § 4; St. 1929, c. 147, § 1.

We are of opinion, however, that the exclusion of the question and answer did not injuriously affect the substantial rights of the plaintiff. G. L. c. 231, § 132. The witness

had already fixed on the plan the point on Franklin Street where she on entering the square constituting the intersection of the two streets first saw the lights of the automobile of the defendant. That point was about seventy-two feet northerly of the northerly line of the square constituting the intersection of the two streets. The dimensions of that square were ascertained and were thirty-four feet on each side. Therefore, if the accident happened at the place indicated by her testimony and that of the plaintiff, the defendant's automobile must have travelled a distance of seventy-two feet plus the somewhat diagonal and indefinite distance across the thirty-four-foot square constituting the intersection of the two streets while the plaintiff's automobile was travelling across that square and fifteen feet more; that is to say, while the plaintiff's automobile was travelling approximately forty-nine feet the defendant's automobile must have travelled about twice that distance. This testimony of the witness enabled the jury to form at least as accurate an estimate of the relative speeds of the two automobiles as any opinion expressed in terms of the answer stricken out, namely, that the defendant's automobile "was going considerably faster" than that of the plaintiff.

*Exceptions overruled.*