ARTHUR L. NOEL, administrator, *vs.* FRANK ARCHIDACONO.

Hampden.    May 15, 1934. — September 20, 1934.

Present: RUGG, C.J., PIERCE, FIELD, DONAHUE, & LUMMUS, JJ.

*Practice, Civil,* Exceptions: whether saved, when exception lies. *Witness,* Cross-examination.

A trial judge is empowered to dismiss a bill of exceptions which does not set forth any exception duly saved.

No reversible error appeared in the dismissal of a bill of exceptions filed by the plaintiff in an action, where the only exception specifically saved was to a question, asked on cross-examination of a witness for the plaintiff, which was not answered, and it was doubtful whether the exception applied to the next question asked, which was answered and which related to the same matter as the first question but was in a different form; and where, in any event, an exception to the second question could not be sustained because no abuse of discretion appeared in permitting it to be asked and it and the answer thereto did not affect injuriously the substantial rights of the plaintiff.

TORT.    Writ dated November 12, 1930.

The action was tried in the Superior Court before *Dillon,* J.    There was a verdict for the defendant.    The judge

thereafter allowed a motion by the defendant to dismiss a bill of exceptions filed by the plaintiff. The plaintiff alleged an exception to the allowance of the motion.

The case was submitted on briefs.

*R. J. Talbot & L. D. Friedman,* for the plaintiff.

*W. C. Giles,* for the defendant.

RUGG, C.J.    The facts set out in this bill of exceptions in substance are these: The action is one of tort against the defendant as the driver of a truck for causing the death of the plaintiff's intestate, a boy twelve years old riding upon a bicycle, while both were travelling in the same direction upon a public street. There was evidence tending to show that the truck passed the bicycle, that the truck and bicycle collided, and that the rear wheel of the truck passed over the boy inflicting fatal injuries. There was a verdict for the defendant. The plaintiff then filed what purported to be a bill of exceptions. The only exception therein set forth was that one Homans, a bystander called by the plaintiff as a witness, who had testified at some length as to what he saw and did respecting the collision and injury, answered further on cross-examination that after the defendant said that he did not see the boy the witness felt that that was what caused the accident. Then this occurred: "Q. [by counsel for the defendant] You couldn't see how a driver of any vehicle . . . MR. TALBOT [counsel for the plaintiff]: I object to this. Q. . . . could drive up on Columbus Avenue, on a one way section, and not see a boy riding a bicycle in front of him? That is right? MR. TALBOT: I object. THE COURT: Admitted. MR. TALBOT: Exception. Q. You couldn't see how a driver could miss seeing a boy under those conditions, could you? A. Well, I don't see how he couldn't see him." The defendant later filed a motion in writing that that bill of exceptions be dismissed on the ground that the plaintiff had no exception because the question to which exception was saved was not answered. That motion was allowed. The plaintiff excepted to the granting of that motion. That is the only exception alleged in the present bill of exceptions.

If no exception was set out in the paper purporting to be the first bill of exceptions, the trial judge was empowered to dismiss it. *Day* v. *McClellan*, 236 Mass. 330. *Bath Iron Works, Ltd.* v. *Savage*, 262 Mass. 123. *Walsh* v. *Feinstein*, 274 Mass. 597.

The plaintiff shows no reversible error. It is doubtful if any exception was saved by the plaintiff at the trial. The question to which objection was made and exception taken was not answered. A new question was put, different from the one to which exception was taken in that it included all the existing conditions and not merely those specified in the earlier question. Fairness to the trial judge and opposing counsel required a new objection and exception. *Commonwealth* v. *Johnson*, 199 Mass. 55, 60–61. *Lockhart* v. *Ferguson*, 243 Mass. 226. *Edwards* v. *Cockburn*, 264 Mass. 112, 116. *Cummings* v. *National Shawmut Bank of Boston*, 284 Mass. 563, 568. The dismissal of the exceptions is some indication that the trial judge did not understand that what had preceded the question, which alone was answered, was the equivalent of an exception to that question. *Thurston* v. *Blunt*, 216 Mass. 264, 266.

Exception to the question and answer even if properly saved could not be sustained. It was asked on cross-examination of a witness called by the plaintiff. A considerable discretion is allowed to the trial judge as to cross-examination. No abuse of that discretion is shown. *Jennings* v. *Rooney*, 183 Mass. 577, 579. *Erickson* v. *American Steel & Wire Co.* 193 Mass. 119, 126. *Commonwealth* v. *Russ*, 232 Mass. 58, 78–79. *Commonwealth* v. *Klosek*, 262 Mass. 416, 419.

The question and answer are deemed not to have affected injuriously the substantial rights of the plaintiff. G. L. (Ter. Ed.) c. 231, § 132. *Sax* v. *Horn*, 274 Mass. 428. *Pendleton* v. *Boston Elevated Railway*, 266 Mass. 214, 218. *Davis* v. *Wells*, 254 Mass. 118, 126. *Northern Industrial Chemical Co.* v. *Director General of Railroads*, 249 Mass. 246, 256. *Koch* v. *Lynch*, 247 Mass. 459, 462.

*Exceptions overruled.*