COMMONWEALTH *vs.* PAUL D. DUNDON.

Middlesex.    October 17, 1974. — April 15, 1975.

Present: HALE, C.J., ROSE, KEVILLE, GRANT, & ARMSTRONG, JJ.

*Practice, Criminal,* Exceptions: failure to save exception; Charge to jury, Admonition of counsel by judge. *Evidence,* Admissions and confessions. *Identification.*

At a criminal trial an exception to a question asking whether the witness had been shown some photographs saved no rights with respect to the admission of subsequent identification testimony to which no exception was taken. [202-203]

At the trial of assault and robbery indictments there was no error in denying the defendant's motion to strike in-court identifications of him by two victims where they had had ample opportunity to view the defendant before and during the assault and where one of the victims during an ensuing chase had identified the defendant to police as one of the assailants and the other had given a description of the defendant to the police. [203]

At the trial of assault and robbery indictments evidence that the victims, who had had ample opportunity to observe their assailants before and during the robbery, positively identified the defendant, and that this identification was corroborated by a witness who had joined one of the victims in pursuing the defendant immediately after the assault warranted denial of the defendant's motion for a directed verdict. [203-204]

At a criminal trial there was no error in permitting a police officer to testify that in passing the defendant's cell block he had overheard the defendant making an incriminating statement to a man in an adjoining cell where there was no evidence to support the defendant's contention that this admission was involuntarily made. [204]

Where the defendant in a trial of robbery and assault indictments did not move to suppress the testimony of a witness who identified him in court and it did not appear that the defendant was taken by surprise by this testimony, and where in the totality of the circum-

stances a confrontation between the witness and the defendant shortly after the robbery was not impermissible, the judge acted within his discretion in denying the defendant's request for a voir dire examination of the witness. [204-205]

At a criminal trial there was no merit to the defendant's contention that the judge erroneously charged the jury with respect to the concert of action theory in that he made specific reference by way of example to one of the several offenses for which the defendant had been indicted. [205]

The defendant in a criminal case was not denied effective assistance of counsel in that the judge several times admonished counsel, where the admonitions were reasonable in ensuring orderly conduct of the trial, where the judge instructed the jury that they were to draw no inferences from their beliefs concerning his views, and where the record did not support the contention that counsel was so intimidated as to be ineffective. [205-206]

INDICTMENTS found and returned in the Superior Court on September 14, 1972.

The cases were tried before *R. Sullivan, J.*

*Lois M. Lewis* for the defendant.

*Bonnie H. MacLeod-Griffin,* Assistant District Attorney, for the Commonwealth.

KEVILLE, J. These are appeals under G. L. c. 278, §§ 33A-33G from convictions of armed assault in a dwelling house, armed robbery, confining and putting in fear and unlawfully carrying a dangerous weapon. We shall discuss those assignments of error which have been argued.

There was evidence that the defendant was one of three young men who, at about 4:00 P.M. on August 8, 1972, were observed by Mr. and Mrs. Franklin Merriman walking on their side of the street as the Merrimans approached the apartment house in which they lived. The men followed them into the building and up the stairs toward the Merrimans' third floor apartment. They drew revolvers and forced their way into the apartment. The Merrimans were pushed into a bedroom, forced to lie face down on the bed and guarded by one of the men whom they identified at the trial as the defendant. When ordered to lie down, Mrs. Merriman faced the defendant and handed him a package of vegetables which she had been carrying. Mr. Merriman's watch and wallet were removed from his person. Mrs. Merriman repeatedly turned her head to speak to the

Commonwealth *v.* Dundon.

defendant who was then seated at the foot of the bed. He forced her head down, threatened her and told her not to talk.

After several minutes Mr. Merriman got off the bed and shouted at the men while spraying ammonia from a bottle which he had drawn from his pocket. They fled the apartment and fired two shots as they went. A bullet was later discovered in the wall in back of the place where Mr. Merriman had been standing.

While this was going on, Mrs. Merriman climbed through a window, descended the fire escape and alerted the police from the superintendent's office in the building. Mr. Merriman, while shouting for help, pursued the men down the stairs of the building and along the street. He was picked up by police in a cruiser and soon spotted the men who were standing on a corner. They fled; but two of them, including the defendant, were apprehended by the police. A girl, who identified the defendant at trial, joined Mr. Merriman in the chase but halted when she was threatened by the men as she approached them. Shortly thereafter, she identified the defendant on the street at the time of his capture as one of the individuals she had pursued.

The defendant first claims that it was error to permit the Merrimans to answer questions concerning photographic identification of another of their assailants not then on trial and the marking of a photograph for identification. The only exception taken to all of this by the defendant is revealed by the excerpt from the testimony set forth in the margin.[1] The question there allowed was obviously proper

---

[1]
Q. (by the prosecuting attorney) "And at that time were you shown some photographs?"
A. (by Mrs. Merriman) "We were shown, I think, about thirty —"
COUNSEL FOR DEFENDANT: "I pray your Honor's judgment."
THE JUDGE: "What is that?"
COUNSEL FOR DEFENDANT: "I object."
THE JUDGE: "The question is, was she shown some photographs. Do you object to that?"
COUNSEL FOR DEFENDANT: "Yes, sir, I do."
THE JUDGE: "He may have the answer."
COUNSEL FOR DEFENDANT: "Exception."

and the exception thereto saved no rights of the defendant concerning the admission of subsequent identification testimony of the Merrimans to which no exception was taken. Moreover, our review of the record has revealed no substantial risk of a miscarriage of justice. *Commonwealth* v. *Foley,* 358 Mass. 233, 236 (1970). *Commonwealth* v. *Underwood,* 358 Mass. 506, 507-509 (1970). *Commonwealth* v. *Concepcion,* 362 Mass. 653, 654-655 (1972). The defendant's fourth assignment of error, relating to testimony of a police officer with respect to the identification of the defendant by Mr. Merriman, may be disposed of for the same reasons. No timely exception was taken to the admission of that testimony. *Commonwealth* v. *Domanski,* 332 Mass. 66, 77-78 (1954). See *Commonwealth* v. *Leaster,* 362 Mass. 407, 411-412 (1972).

There was no error in the denial of the defendant's motions to strike and for a directed verdict (assignments three and nine, respectively). These motions challenge the sufficiency of the identification of the defendant as one of the Merrimans' assailants. His claim that his in-court identification by the Merrimans should have been struck appears to be based upon an assertion that it was somehow tainted by the absence of an out-of-court confrontation and their failure to furnish a description of the defendant to the police. Not only was the in-court identification of both of these witnesses positive but Mrs. Merriman had in fact given a description of the defendant to the police. She had had ample opportunity to view the defendant both prior to and during the assault as did her husband who pursued the men from the apartment and identified them on the street for the police during the ensuing chase. This evidence was sufficient to warrant the judge's denial of the defendant's motion to strike.

Moreover, the Merrimans' identification of the defendant was buttressed by that of the girl who joined Mr. Merriman in the pursuit. The applicable test for a directed verdict is "whether there was sufficient evidence of the defendant's guilt to warrant the submission of the cases to a jury." *Commonwealth* v. *Altenhaus,* 317 Mass. 270,

271 (1944). *Commonwealth* v. *Baron,* 356 Mass. 362, 365-366 (1969). The evidence given by the Merrimans and the girl was obviously sufficient to take the case to the jury.

In assignment five, the defendant contends that it was error to have allowed a police officer, after a voir dire, to testify that, as he passed the defendant's cell block, he heard the defendant say, in effect, to a man in an adjoining cell, "Why didn't you get rid of your gun like we told you to?" The evidence does not support the defendant's contention that this admission was involuntarily made. He had been apprized of his rights by a police officer who had given him the *Miranda* warnings following his arrest. The defendant's statement was not one made during custodial interrogation (see *Commonwealth* v. *Frongillo,* 359 Mass. 132, 135-136 [1971] and *Commonwealth* v. *Martin,* 357 Mass. 190, 193 [1970]) and he took the risk that his statement might be overheard by the police. In the absence of evidence indicating that the defendant was under the influence of drugs when that statement was made, his assertion that the statement was involuntary because demerol was found in his possession at the time of his arrest carries no weight.

The defendant's sixth assignment stems from his exception to the judge's exclusion of a question to a police officer, whether he had heard the district attorney refer to the defendant's statement set forth in the preceding paragraph in his opening remarks to the jury. The defendant's claim that he was prejudiced thereby is no more than a bare assertion with no supporting argument. *Lolos* v. *Berlin,* 338 Mass. 10, 13-14 (1958).

In his seventh assignment the defendant contends that there was error in denying his request for a voir dire examination of the girl who had joined Mr. Merriman in the pursuit of the defendant and his companions. Since the record discloses neither a motion by the defendant to suppress her testimony nor that the defendant was taken by surprise, the judge acted within his discretion in denying the request. Rule 101B of the Superior Court (as amended 1971). Furthermore, the evidence reveals that the witness identified the defendant in court as one of those she had

pursued, that after she had been halted by the men she proceeded on her bicycle to the spot where two of them had been apprehended and that she there identified the defendant for the police. In the totality of these circumstances the confrontation between the witness and the defendant was not impermissible. *Commonwealth* v. *Bumpus,* 354 Mass. 494, 500-502 (1968), cert. den. 393 U. S. 1034 (1969), and cases cited.

In assignments twelve and fifteen, the defendant asserts inadequacies in the judge's charge to the jury. Since no argument is advanced in support of his claim that instructions on reasonable doubt and the presumption of innocence were insufficient, that assignment of error is considered waived. *Commonwealth* v. *Williams,* 364 Mass. 145, 149, 150 (1973). *Lolos* v. *Berlin, supra.* Moreover, our review of the charge does not reveal any such inadequacy. Nor do we find substance in the defendant's further contention with respect to the concert of action theory. The judge's delineation of that theory to the jury was extensive and it is clear that he was making reference to the defendant's participation in the several offenses for which he had been indicted and his specific reference to one of those offenses was simply by way of example. The method and extent of the instructions fell well within permissible limits. *Commonwealth* v. *Monahan,* 349 Mass. 139, 170-171 (1965). *Commonwealth* v. *Kelley,* 359 Mass. 77, 92 (1971).

Finally, the defendant argues (assignment seventeen) that he was denied his right to effective assistance of counsel under the Sixth Amendment to the United States Constitution by "repeated difficulties" between court and counsel. Applying established principles (see *Commonwealth* v. *Lewis,* 346 Mass. 373, 379 [1963], cert. den. 376 U. S. 933 [1964]; *Commonwealth* v. *McLaughlin,* 352 Mass. 218, 227-228 [1967], cert. den. 389 U. S. 916 [1967]; *Commonwealth* v. *Haley,* 363 Mass. 513, 521 [1973]), we find no error. The judge's remarks on gum chewing by counsel were made beyond the jury's hearing and were a proper means of maintaining decorum. A second warning was provoked by counsel's ignoring the earlier warning. To preserve

order, it was proper for the judge to ask defense counsel not to shout. It was also permissible to regulate the questioning of witnesses and to request that a question be repeated. It was not unreasonable for the judge to ask defense counsel to change his position in order that he, the judge, might view the jury. A colloquy regarding the judge's voice inflections while charging the jury occurred during a bench conference and came after the jury had heard the case. In his charge, the judge instructed the jury that they were to draw no inferences from his evidentiary rulings or from their beliefs concerning views he might or might not hold in regard to the outcome of the case. The record furnishes nothing in support of the defendant's complaint that the attitude or remarks of the judge so unnerved his trial counsel that he was prevented from effectively representing his client. Compare *United States* v. *Benthiem*, 456 F. 2d 165, 167 (1st Cir. 1972).

*Judgments affirmed.*