JACK A. HARRIS *vs.* COMMONWEALTH.

Suffolk.    June 7, 1976. — December 15, 1976.

Present: HENNESSEY, C.J., BRAUCHER, KAPLAN, WILKINS, & LIACOS, JJ.

*Evidence,* Admissions and confessions.  *Constitutional Law,* Admissions and confessions.  *Writ of Error,* Reference to master.  *Practice, Criminal,* Voluntariness of confession.

A special master appointed to make findings of fact with respect to a petition for writ of error did not exceed the scope of his authority by making reference to decisions of this court and the United States Supreme Court in his report. [480]

For the reasons set forth in *Commonwealth* v. *Harris, ante,* 462 (1976), the failure of a judge in a criminal case to hold a voir dire on the issue of the voluntariness of a confession constituted reversible error. [480-481]

PETITION for a writ of error filed in the Supreme Judicial Court for the county of Suffolk on September 5, 1972.

The case was reserved and reported by *Wilkins,* J.

*Margaret D. McGaughey* for the petitioner.

*Bernard Manning,* Assistant Attorney General, for the Commonwealth.

LIACOS, J.    The petitioner (Harris) was found guilty by a jury on an indictment charging armed robbery (G. L. c. 265, § 18). After his trial, which occurred during October and November, 1963, he was sentenced to a term of imprisonment of fifteen to twenty-five years. In September, 1972, Harris filed a pro se petition for a writ of error in the county court. Counsel subsequently was appointed to represent Harris and a substitute petition for writ of error was filed. In April, 1974, a single justice ordered the case referred to a special master. A hearing before the master resulted in a report recommending that the writ of error be granted. Harris and the Commonwealth both filed objections to certain provisions of the report. A single jus-

tice then reserved and reported the case to the full court.

Harris argues that his Federal and State constitutional rights were violated at his trial in that: (1) after evidence had been presented at trial that he had been beaten prior to confessing to the police, the trial judge failed to hold a voir dire hearing on the admissibility of the confession; (2) trial counsel's failure to request such a hearing deprived Harris of the effective assistance of counsel to which he was entitled; (3) the confession should have been excluded at trial because Harris was not given his rights and did not confess voluntarily; (4) evidence was admitted at trial on the basis of an inadequate search warrant; and (5) testimony was allowed at trial to the effect that Harris failed to respond to certain questions put to him by the police after he was in custody. The Commonwealth argues that none of the above constituted error and also that the special master's report was defective because the master exceeded his authority under the order of reference from a single justice. We conclude, for the same reason that we have reversed Harris's convictions for murder and armed assault with intent to rob in *Commonwealth* v. *Harris*, *ante*, 462 (1976), that Harris's constitutional rights were violated and that a new trial is appropriate.

On June 24, 1962, Joseph W. Marshall, an employee of a Bay State gasoline station in Boston, was at work when two men entered the office of the station. In a period of three to five minutes the men stole some $80 in cash from the station office and from Marshall. After the police were summoned they took Marshall to the police station where he viewed hundreds of photographs. No identification resulted.

Harris was arrested on the night of July 23, 1962, on the basis of events described at length in *Commonwealth* v. *Harris*, *supra* at 465-466. He was taken to police headquarters where he subsequently confessed to participation in this crime and in several others under circumstances set out in *Commonwealth* v. *Harris*, *supra* at 466-467.

Although weapons seized at Harris's apartment at 31 Concord Square, Boston, were admitted in evidence at the

trial below, no search warrant or supporting affidavit was produced at trial. However, Harris's counsel did not object to the production of these items. Harris's confession was also used at trial without objection. The only other significant evidence at trial was Marshall's identification of Harris as one of the two men who robbed him. As indicated previously, Harris was convicted by the jury.

1. We need spend but a moment on the Commonwealth's contention that the special master exceeded the scope of his authority. The gravamen of the Commonwealth's complaint is that the master's report was in effect "an opinion concerning the applicability of ... [several cases] to the facts of the case presently before this Court," while the order of reference was limited to hearing the parties and making "findings of fact."

The simple and conclusive answer to this argument is that the master's report, while admittedly making reference to relevant decisions of this court and the Supreme Court of the United States, resulted only in findings of fact, the most important of which is set out in the margin.[1] It is manifestly clear from a reading of that report that the master did not exceed his authority and that the Commonwealth's argument is without merit. It is equally clear that the master conducted his inquiry with both diligence and skill in a case of considerable difficulty.

2. With respect to Harris's claim that the trial judge should have held a voir dire, the only difference between this case and *Commonwealth* v. *Harris, ante,* 462 (1976), is that in the present case the judge submitted the issue

---

[1] "Upon all the evidence before me, I find as a fact that even though a coerced confession was alleged at the trial of Harris, no voir dire was ever held and that the only individuals who passed upon the voluntariness of the confession were the jurors. I therefore recommend that the substitute writ of error presently under consideration be allowed in this respect, and that such further action be taken as appears required by the Supreme Judicial Court."

Contrary to the Commonwealth's claim, the master did not undertake to "*resolve* the issue of voluntariness" (emphasis added). The master quite properly discussed the existence of that issue and declined to resolve it.

of voluntariness to the jury.[2] Despite this difference, we believe, for the reasons set forth in *Commonwealth* v. *Harris, supra* at 467-474, that the trial judge had an independent obligation to hold a voir dire and to make an affirmative ruling of voluntariness before submitting the confession to the jury.[3]

This result might be reached solely on the basis of *Jackson* v. *Denno*, 378 U.S. 368 (1964), acknowledged to be retroactive in *Johnson* v. *New Jersey*, 384 U.S. 719, 729 (1966). *Jackson* expressly held that the then existing New York practice of submitting the issue of voluntariness only to the jury vitiated a defendant's constitutional rights. Even apart from the requirements of *Jackson*, the failure of the judge to follow our own long-established procedure requiring a judicial finding of voluntariness before an allegedly coerced confession may be considered by the jury necessitates reversal.

3. Because of our reversal on this basis, we need not reach or discuss the other issues presented herein. A number of them are similar to the issues presented in *Commonwealth* v. *Harris, supra* at 475-477, and our discussion therein should be referred to in the event of retrial.

4. For the reasons given in *Commonwealth* v. *Harris, supra* at 467-474 & n.6, we believe that, if the Common-

---

[2] As indicated above, the same confession and allegations of coercion were at issue in all the cases.

[3] In the charge to the jury the trial judge explained the nature and purpose of the voir dire hearing and, although noting that the procedure was not followed in this case, informed the jury that "... it is highly possible, and probable, I am sure, that a judge may hear, on the voir dire, what purports to be a proper, voluntary confession, and say, 'I will admit it,' and then the jury in their deliberations say, 'We don't care what the judge decided; we feel that it was not a proper confession, and we'll disregard it.' "

In the future we believe that the better practice would be for a trial judge to refrain from informing the jury as to his decision on the issue of voluntariness. It is sufficient to submit the issue to the jury under proper instructions after he has held a voir dire and made the affirmative finding required by *Jackson* and our rules. Advising the jury of the judge's finding of voluntariness seems to us to serve no purpose. Indeed, it may tend to diminish the benefits of independent jury determination required by our long-established "humane" rule.

wealth wishes to take further action against Harris on this indictment, a complete new trial is required.

*Judgment reversed.*
*Verdict set aside.*