Commonwealth *v.* Gauthier.

---

COMMONWEALTH *vs.* ARTHUR GAUTHIER.

Essex.    December 16, 1976. — March 9, 1977.

Present: KEVILLE, GRANT, & ARMSTRONG, JJ.

*Identification.   Practice, Criminal,* Voir dire.

At a criminal trial the judge did not abuse his discretion in deciding not to conduct a voir dire on the admissibility of certain identification evidence where the defendant was aware of the evidence prior to trial. [187-188]

---

INDICTMENT found and returned in the Superior Court on September 25, 1970.

The case was tried before *Linscott,* J., and questions of law were reported by him.

*James M. Pool* for the defendant.

*Gregory C. Demakis,* Assistant District Attorney, for the Commonwealth.

KEVILLE, J.   After a jury trial subject to G. L. c. 278, §§ 33A-33G, the defendant was convicted of armed robbery. Through no fault of the defendant, no timely claim of appeal was filed in accordance with G. L. c. 278, § 33C, and the trial judge, in order to accord the defendant an opportunity for appellate review, reported certain questions to this court pursuant to G. L. c. 278, § 30. Only one of these questions has been argued by the defendant.

Pertinent evidence may be summarized as follows. On April 17, 1970, at approximately 1:00 A.M. Richard Soucy (Soucy), the owner and manager of a bar and grill in Salem, while taking out rubbish preparatory to closing the bar, observed a man loitering near his car which was parked in an alley beside the building. Soucy reentered his establishment, turned off the inside lights and walked to the front of the building to look through the window. There he observed a man walking toward him. After turning the lights back on, Soucy and an employee, Downs, went out into the alley where they were confronted by a man wearing a ski mask and carrying a gun. Downs fled. The man placed the gun in Soucy's face, and he and Soucy reentered the bar. The man then demanded and was given a bank bag containing the cash receipts for the day.

The next morning at the Salem police station Soucy was shown a group of over 100 photographs but was unable to identify any one of them as that of his assailant. Several days later he was shown an additional group of fifteen photographs from which he chose a picture of the defendant as the man he had seen at the bar that night. Downs testified that when he entered the alley and saw a man standing there with a gun, he ran for help. Approximately

five minutes later he saw a man leaving the alley. Downs was shown a number of photographs by the Salem police several days after the incident, from which he picked out a picture of the defendant as the person he had seen leaving the alley.

At trial Soucy testified to the facial features and the clothing worn by the man he had seen in the alley and identified the defendant as that man. Defense counsel objected to the in-court identification on the grounds that "there was another identification . . .. Prior to the time he made the identification [in court]." The objection was overruled, and the defendant excepted.

The only question argued is whether the judge erred in overruling the defendant's objection to the in-court identification of the defendant by Soucy and in not conducting a voir dire following that objection in order to examine the circumstances of Soucy's prior out-of-court photographic identification. The defendant, at the time of his objection, made no request for a voir dire. He merely objected to the admission of the identification evidence by the victim. The defendant had not filed a pre-trial motion to suppress either the photographic identification or the anticipated in-court identification as required (in most instances) by Rule 61 of the Superior Court (1974) (formerly Rule 101B).[1] See *Commonwealth* v. *Flaherty*, 1 Mass. App. Ct. 282, 288-290 (1973). Without such a motion, whether to grant or deny a request for a voir dire is left to the discretion of the trial judge. *Commonwealth* v. *Bumpus*, 354 Mass. 494, 501-502 (1968), cert. den. 393 U. S. 1034 (1969). Compare *Commonwealth* v. *Harris*, 371 Mass. 462, 469 (1976). Compare also *Harris* v. *Commonwealth*, 371 Mass. 478, 480-481 (1976). Even if a request for a voir dire could

---

[1] Superior Court Rule 61 provides in part: "[M]otions to suppress evidence shall be . . . filed within ten days after a plea of not guilty . . . unless opportunity therefore did not exist or the defendant was not aware of the grounds for the motion, but the court in its discretion may entertain such motions at any time or at the trial.

"The court need not hear any motion which does not comply with this Rule."

be said to have been made at trial, the only instances in which such a motion may be heard once trial has commenced are (1) where the defendant was unaware that certain evidence was to be introduced and, without a voir dire, would be deprived of an opportunity to raise the issue of its admissibility; see *Commonwealth* v. *Lewis,* 346 Mass. 373, 382 (1963), cert. den. 376 U. S. 933 (1964); *Commonwealth* v. *Moore,* 359 Mass. 509, 512 (1971), and (2) where, in the discretion of the trial judge, such a hearing is deemed to be in the interest of justice. The record here reveals that the defendant was aware of the prior photographic identification and was not surprised by the introduction of Soucy's testimony at trial identifying the defendant as his assailant. It was thus within the discretion of the judge to decide whether a voir dire was necessary at the time the objection was made. *Commonwealth* v. *Dundon,* 3 Mass. App. Ct. 200, 204-205 (1975). Although a voir dire would have been permissible at this stage, we find no abuse of discretion in the judge's implicit decision not to conduct one, and consequently no error in the admission of Soucy's testimony identifying the defendant.

*So ordered.*