COMMONWEALTH *vs.* JOHNNY TURNER. January 19, 1978. The record does not bear out the defendant's claim that the judge abused his discretion in denying the defendant's request for a voir dire on the victim's identification of the defendant from a group of photographs. No pretrial motion to suppress had been filed. Rule 61 of the Superior

Court (1974). *Commonwealth* v. *Gauthier*, 5 Mass. App. Ct. 185, 187-188 (1977). Nor did the failure to file such a motion deprive the defendant of the effective assistance of counsel. *Commonwealth* v. *Saferian*, 366 Mass. 89, 98-99 (1974). See *Commonwealth* v. *Hall*, 369 Mass. 715, 723-725 (1976). The evidence of the photographic identification procedure appears to have been fully developed at trial. That evidence was insufficient to warrant a finding that there was anything suggestive about the identification (compare *Commonwealth* v. *Coburn*, 5 Mass. App. Ct. 781, 782 [1977]), and for that reason the defendant has failed to show prejudice. *Commonwealth* v. *Saferian, supra* at 96. *Pires* v. *Commonwealth*, 373 Mass. 829, 836 (1977). It also appears from the transcript that the defendant was ably represented by trial counsel. This appeal is frivolous.

*Judgments affirmed.*

The case was submitted on briefs.
*J. Russell Hodgdon* for the defendant.
*Garrett H. Byrne*, District Attorney, for the Commonwealth.