COMMONWEALTH *vs.* ALAN V. PERKINS. January 3, 1979. The defendant cannot prevail on any of the assignments of error he has argued in this appeal (G. L. c. 278, §§ 33A-33G) from his convictions on three indictments charging rape (unnatural sexual intercourse by force) and related crimes committed on February 4, 1977.

1. The transcript does not bear out the defendant's contention that he was denied the opportunity at trial to show that he was excused from making a timely pretrial motion to suppress in support of his request for a voir dire; the request was made when the victim testified that she saw the defendant in the Boston Municipal Court five days after the incident, and that he was wearing the same jacket which he had worn during the rape. See *Commonwealth* v. *Bailey*, 370 Mass. 388, 397-398 (1976). Cf. *Commonwealth* v. *Gibson*, 357 Mass. 45, 47-48, cert. denied, 400 U.S. 837 (1970). Defense counsel made no attempt to show that "the defendant was not aware of the grounds for the motion" (Rule 61 of the Superior Court [1974]), as he might have either when he took exception to the judge's ruling or subsequently when he renewed his request for a voir dire. Without such a showing, the judge's refusal to "entertain such motion . . . at the trial" was discretionary. We find no abuse. The victim had made an in-court identification (to which there was no objection) and had also made a photographic identification the day after the incident. There was ample basis in the incident, which lasted about fifteen to twenty minutes, for the in-court identification; and the photographic identification was not suggestive. *Commonwealth* v. *Silva*, 371 Mass. 819, 824 (1977). *Commonwealth* v. *Gauthier*, 5 Mass. App. Ct. 185, 187 (1977).

2. The trial judge's refusal to permit a view of the defendant's automobile, in which, as the jury could have found on ample evidence, the rape occurred, was within the trial judge's discretion. G. L. c. 234, § 35. *Commonwealth* v. *Miller*, 4 Mass. App. Ct. 379, 384-385 (1976). The defendant based his request on a minor discrepancy between the victim's testimony and the defendant's testimony relating to the appearance and location of the word "stereo" in the automobile. It was not beyond the ingenuity of counsel to resolve any discrepancy apart from a view by the introduction of photographs or otherwise. *Commonwealth* v. *Crespo*, 3 Mass. App. Ct. 497, 501 (1975).

3. It was within the discretion of the judge to exclude testimony by the defendant's wife that at prior proceedings in the Superior Court some time in February, two or three months before trial, she heard the victim say on seeing about six witnesses, "Gee, can I be wrong. They have that many witnesses." The testimony was offered on redirect examination, and the matter had not been brought out on cross examination. *Commonwealth* v. *Klosek*, 262 Mass. 416, 420 (1928). *Sullivan* v. *Brabason*, 264 Mass. 276, 285 (1928). See *Commonwealth* v. *Gordon*, 356 Mass. 598, 602 (1970). Cf. *Commonwealth* v. *Hoffer*, 375 Mass. 369, 375 (1978) (holding admissible evidence because within the scope of cross examination and pointing out that "the judge has discretion to

allow or limit redirect concerning matters not touched on in cross-examination"). In any event, this equivocal comment—suggesting at most a momentary hesitancy—could not have had any significant bearing on the jury's assessment of the evidence as a whole.

4. The prosecuting attorney's statement during his closing argument that "[t]here has been no evidence introduced to show that these acts didn't occur, only that Mr. Perkins is not the man who was involved in it" did not require a mistrial since the judge gave instructions adequate to cure any improper inference which the jury might have drawn. The principal vice in such an argument—that it may be interpreted by the jury as a comment on the failure of a defendant to testify—is not present here since the defendant took the stand and, with other witnesses, testified to an alibi. Cf. *Commonwealth* v. *Gouveia*, 371 Mass. 566, 570-572 (1976); *United States* v. *Flannery*, 451 F.2d 880, 881-882 (1st Cir. 1971). It is true that even where a defendant takes the stand such a comment may, in some circumstances, be reasonably susceptible to an erroneous inference by a jury that the burden is on the defendant to disprove the facts of the crime—quite apart from his participation in it. See *Commonwealth* v. *Domanski*, 332 Mass. 66, 69 (1954). And for this reason a prosecuting attorney may be well advised to steer clear of a comment on the absence of evidence on any element of the crime. However, our examination of the charge indicates that the jury were clearly and emphatically instructed not only generally as to the burden on the Commonwealth, the rights of the defendant, and that argument is not evidence, but specifically with reference to the facts and elements of the crimes, and that the burden was on the Commonwealth to prove them beyond a reasonable doubt.

5. We do not accept the defendant's contention that in his charge "the Judge injected himself into the province of the jury" by characterizing as "crucial" the period between 11:00 P.M. and 12:00 P.M. when, on the evidence, the incident occurred. This was prefaced by a detailed statement admonishing the jury that "what is important and unimportant is for you and you alone to determine" and that the discussion of the evidence in the charge was "only for the purpose of indicating to you the areas within which you and you alone must make some factual decisions and factual findings in order to render a verdict in this case." Our reading of the entire charge reveals nothing indicating the personal views of the judge. *Commonwealth* v. *Ferguson*, 365 Mass. 1, 10-11 (1974).

6. The repair bill, which was originally excluded and marked for identification, the defendant taking an exception, was subsequently admitted in evidence. The argument based on that exception is therefore pointless.

*Judgments affirmed.*

*Alfred P. Farese* (*Dennis J. Sullivan* with him) for the defendant.
*John A. Mendlesohn*, Special Assistant District Attorney, for the Commonwealth.