COMMONWEALTH vs. WILROSE A. LaPIERRE.

Worcester. May 13, 1980. — October 23, 1980.

Present: GOODMAN, DREBEN, & NOLAN, JJ.

*Identification. Rape. Kidnapping.*

Repetition of a defendant's picture in three successive photographic arrays, from the second and third of which two witnesses identified the defendant, was not so unnecessarily suggestive as to require suppression of the identifications. [643-644]

INDICTMENTS found and returned in the Superior Court Department on April 9, 1979.

The cases were tried before *Cross, J.*

*Conrad W. Fisher* for the defendant.

*Daniel F. Toomey,* Assistant District Attorney, for the Commonwealth.

GOODMAN, J. The defendant appeals from convictions on three indictments charging, respectively, rape and kidnapping of a thirteen-year old girl and kidnapping of her nine-year old brother. The defendant was sentenced to life imprisonment on the rape charge and nine to ten years on each of the kidnapping charges. The sentences for kidnapping were to be served concurrently with each other but from and after the sentence for rape.

The crimes[1] occurred on March 13, 1979, at about 5:30 P.M. in Bolton. It was still daylight. While the children were walking home from the nearby house of a friend, a Toyota passed them on the left and went around a bend in the road. As they went around the curve, they saw the Toyota parked about one hundred feet away; the defendant

---

[1] The following narrative is based on the facts as the jury could have found them and the reasonable inferences they could have drawn.

was outside the automobile. As the two children continued walking, the defendant accosted them and forced them over a stone wall into nearby woods, where they went through some low brush to a clearing. There he raped the girl. The boy was lying nearby face down on the ground as the defendant had commanded. He then left, ordering the children to remain until they heard the automobile leave. They did so and then ran home.

The police were notified; the chief arrived in a few minutes — less than a half hour after the incident — and a policewoman (as well as another officer) arrived about five minutes thereafter. The children separately described their assailant — the boy to the police chief and the girl to the policewoman. At ten o'clock that evening, the chief showed an array of nineteen black and white photographs separately to the boy and the girl. Neither of them could make an identification. About midnight, he returned with a folder containing twelve black and white photographs which he showed to the girl. (The boy was asleep.) She immediately made an identification, and the police chief thereupon left and arrested the defendant. The next morning the boy was shown the same array of twelve black and white photographs and immediately made an identification. Both the boy and the girl were then separately shown an array of twelve color photographs and each made an identification. While the evidence is circumstantial, there is no question that, as the defendant argues, the boy and girl were each shown the same three arrays, each of which contained a different photograph of the defendant whom they both identified in the second and third array. This duplication is the basis for the defendant's attack on the identifications made by the two children.

The defendant's motion to suppress the photographic and in-court identifications of the children was filed the day trial began and was presented to the judge on the second day of trial, just before the Commonwealth's opening. (The jury had been impanelled and a view taken the previous day.) The untimely filing — the defendant had been ar-

raigned more than two months previously — was, in the circumstances, sufficient reason to deny the motion. Rule 61 of the Superior Court (1974). *Commonwealth* v. *Perkins,* 6 Mass. App. Ct. 964 (1979). See *Commonwealth* v. *Cooper,* 356 Mass. 74, 78-79 (1969). Nor, indeed, does the defendant argue to the contrary. In any event, the judge indicated that the defendant might renew his motion in the course of the trial and was permitted a voir dire when the boy was asked to identify the defendant in court. The voir dire, however, elicited nothing indicating that the photographic identification procedures were in any way suggestive. Indeed, defense counsel did not refer to those procedures during the voir dire. Defense counsel made no further attempt to pursue the motion, either when the girl testified or when the police took the stand.

The identification issue, including the question whether the photographic identification procedures were suggestive, was thoroughly tried to the jury. Cf. *Commonwealth* v. *Funderberg,* 374 Mass. 577, 582 (1978); *Commonwealth* v. *Jones,* 375 Mass. 349, 355 (1978). We observe from our examination of the transcript that the jury verdict, based on the children's identifications, was well justified. The jury could have found that the children had ample opportunity to see the defendant from the time they rounded the bend to the time the defendant passed the children and grabbed the girl from behind. Both children consistently described the defendant's hair and moustache to the police and in court. The boy also described the defendant's thick eyebrows, and the girl described his height as a little taller than she was. The descriptions were given to the police within a short time after the incident. The defendant points to various discrepancies in the children's description of their assailant's clothes, but the jury could have discounted these discrepancies.

We do not believe, as the defendant argues, that the photographic identification procedures vitiate the identifications. It is true, of course, that the repetition of the same person's photograph in successive arrays may tend to over-

emphasize that photograph and create a danger of undue
suggestiveness leading to a misidentification. *Foster* v. *California*, 394 U.S. 440, 443 (1969), citing Wall, Eye-Witness
Identification in Criminal Cases 64 (1965). *Simos* v. *State*,
83 Wis. 2d 251, 252-253, 256 (1978). See *Simmons* v.
*United States*, 390 U.S. 377, 383 (1968); *Commonwealth* v.
*Botelho*, 369 Mass. 860, 869-870 (1976), and materials
cited. But repetition of a photograph in successive arrays
does not per se so taint a resulting identification as to render
it inadmissible. "It is not sufficient to render a photographic identification invalid to show simply that defendant
appeared in each of two displays." *United States* v. *Bowie*,
515 F.2d 3, 7 (7th Cir. 1975). *United States* v. *Eatherton*,
519 F.2d 603, 608-609 (1st Cir.), cert. denied, 423 U.S. 987
(1975). *United States* v. *Higginbotham*, 539 F.2d 17, 23
(9th Cir. 1976). See *Commonwealth* v. *Kostka*, 370 Mass.
516, 523-524 (1976). We have examined the three arrays
and conclude, as the jury may well have concluded, that the
repetition of the defendant's photograph was of little or no
significance in the circumstances. The photograph of the
defendant in the first array, taken about five years previously and showing the defendant without a moustache, is so
different from the photograph in the second array, from
which the children identified the defendant's photograph,
that it is difficult to see how the first array could have influenced the identification from the second array. See *Commonwealth* v. *Correia*, 381 Mass. 65, 79 (1980). Further,
(as the police testified) on viewing the second array the girl
"immediately" and the boy "without hesitation" chose the
defendant's photograph. In these circumstances, the subsequent identification from the third array became of little
significance.[2]  *United States* v. *Eatherton*, 519 F.2d
at 609. *Commonwealth* v. *Botelho*, 369 Mass. at 869-870.

---

[2] The record does not specifically tell us which photograph in the three
arrays is that of the defendant. That can be inferred from an inspection
of the three arrays. We confess to great difficulty in picking out the
defendant's picture in the first array, a difficulty which the jury probably
also encountered.

The defendant's other contentions are also without merit.[3]

*Judgments affirmed.*

---

[3] (a) The kidnapping charges did not duplicate the rape charge and consecutive sentences were warranted. See *Kuklis* v. *Commonwealth,* 361 Mass. 302, 306-307 (1972). Cf. *Commonwealth* v. *St. Pierre,* 377 Mass. 650, 662-663 (1979). The contention of the defendant to the contrary does not rise to the level of argument. (b) No objections were made to the judge's instructions on alibi or identification; indeed the defendant's attorney stated, "I think your charge was a very fine one and you've covered all my requests. Thank you." In reading the charge on alibi in this case in light of *Commonwealth* v. *McLeod,* 367 Mass. 500, 502 n.1 (1975), and the charge on identification in light of the suggested charge in *Commonwealth* v. *Rodriguez,* 378 Mass. 296, app. 310-311 (1979) — see *Commonwealth* v. *Alleyne, ante* 28, 30 (1980) — we find no error, much less a substantial risk of a miscarriage of justice. (c) The defendant points to nothing to indicate that the trial judge went beyond his discretion (*Commonwealth* v. *A Juvenile,* 365 Mass. 421, 433 [1974]; see dissenting opinion by Justice Quirico at 441) in denying the defendant's "Motion for a Polygraph Examination." It was filed in court on the first day of trial and verified by an affidavit which contained no facts justifying such a late filing or which might be relevant to the judge's exercise of his discretion. See *Commonwealth* v. *Walden,* 380 Mass. 724, 732-733 (1980). If, as the defendant complains (though it is not clear from the record), the trial judge held no hearing on the motion, he was justified by Rule 9, second par., of the Superior Court (1974): — "The court need not hear any motion . . . grounded on facts, unless the facts are verified by affidavit . . . ." We note further that the one-sentence motion does not propose any one or more of the methods for choosing an examiner set out in *Commonwealth* v. *A Juvenile,* 365 Mass. at 430-431. (d) We have already dealt with and rejected in parts (a) and (b) of this footnote the arguments made in the defendant's brief in connection with his motion for a new trial. *Commonwealth* v. *Lombardo,* 2 Mass. App. Ct. 387, 392 (1974).