COMMONWEALTH *vs.* MICHAEL R. CURRIER. January 27, 1983. The defendant was convicted by a Superior Court jury on six indictments charging him with rape and various assaults. In his appeal he contends that the judge improperly denied a motion to suppress identification and also committed error in allowing the prosecution to place a composite sketch in evidence. We affirm.

1. The original identification of the defendant by the victim was made as a result of an encounter arranged by a friend of the victim. The police

played no part in regard to the original identification, see *Commonwealth* v. *Charles,* 4 Mass. App. Ct. 853 (1976), and, therefore, where it has been established "that the initial identification is the product of something other than improper action by the State, due process does not require the suppression of it or its repetitions." *Commonwealth* v. *Wheeler,* 3 Mass. App. Ct. 387, 392 (1975). There was nothing impermissibly suggestive in the subsequent photographic identification arranged by the police. *Commonwealth* v. *Napolitano,* 378 Mass. 599, 602-603 & n.6 (1979). *Commonwealth* v. *LaPierre,* 10 Mass. App. Ct. 641, 643-644 (1980).

2. The defendant's argument that a composite sketch, drawn by a police officer in collaboration with the victim, was improperly admitted in evidence is answered by *Commonwealth* v. *Blaney,* 387 Mass. 628 (1982). In *Blaney,* as here, the composite sketch was merely cumulative and corroborative of more compelling photographic and in-court identifications made by the victim. *Id.* at 630-633.

*Judgments affirmed.*

*Robert I. Warner* for the defendant.

*James W. Sahakian,* Assistant District Attorney, for the Commonwealth.