COMMONWEALTH *vs.* RONALD S. TETA. January 28, 1971. Miss Mary C. Erasmi was walking on a well lit street in Dedham at dusk (6:30 P.M.) on March 10, 1969. A young man came up behind her, grabbed her parcel, and ran. At a distance which the evidence showed to be between twenty-five and 168 feet from her, he turned. She saw his face for "just a second or two" and promptly described her assailant to the police. On March 15, through a one-way window at the police station, she identified Teta who wore a black leather jacket, like that of her assailant. He was with three or four other people, including an officer, Teta's father, and one or two other men. Teta had no counsel present. Miss Erasmi identified him again in the District Court two days later and at trial on October 9, 1969. The trial judge properly suppressed the highly suggestive police station identification. *Stovall* v. *Denno*, 388 U. S. 293, 301–302. He refused to suppress the District Court identification. The trial judge made no express finding (as recommended in *Commonwealth* v. *Frank*, 357 Mass. 250, 254, decided after Teta's trial) whether Miss Erasmi's in-court identification (to which no exception was saved when it was introduced, see *Commonwealth* v. *Theberge*, 330 Mass. 520, 527) had basis independent of the suppressed police station identification. See *United States* v. *Wade*, 388 U. S. 218, 239–242; *Cooper* v. *Picard*, 428 F. 2d 1351, 1354 (1st Cir.), *S.C.* 316 F. Supp. 856 (D. Mass.). Testimony at trial cast serious doubt on Miss Erasmi's estimates of the distance at which she saw briefly her assailant's face. Under Rule 101B of the Superior Court (effective June 1, 1965) the judge need not have entertained (at the close of the evidence) Teta's effort to "renew" his motion to suppress. To its original partial denial there had been no exception. The judge, however, as matter of discretion, did entertain the renewed motion. He denied it subject to Teta's exception. See *Commonwealth* v. *Cooper*, 356 Mass. 74, 77–85. Teta was found guilty of unarmed robbery. In the absence of specific findings by the trial judge on the issue, we entertain grave doubt whether there could be found to be independent basis for her in-court identification. See *Commonwealth* v. *Guillory*, 356 Mass. 591, 593–594; *Commonwealth* v. *Kazonis*, 356 Mass. 649, 651–653, also decided after Teta's trial. We reverse the judgment to avoid possible miscarriage of justice. The verdict is set aside.

*So ordered.*

*Stephen Axelrad* (*Reuben Goodman* with him), for the defendant.
*Joseph R. Welch*, Assistant District Attorney, for the Commonwealth.