COMMONWEALTH *vs.* KENNETH GARVIN. September 29, 1971. On indictments for assault on Jacqueline Dias with a dangerous weapon with intent to rob her and armed robbery, a motion to suppress a pre-trial photographic identification by Mrs. Dias was denied. Her subsequent in-court identification of Garvin was admitted. The judge's wholly warranted detailed findings and certain evidence are summarized below. Mrs. Dias lived in a first floor apartment. The second floor was occupied by Mrs. Elizabeth Moore, whose daughter Sylvia Magee was visiting her on March 29, 1970. Garvin about 11:30 that night was at the second floor apartment. About midnight

he left. Two males left just before him. About midnight a man with an "Afro hairdo" entered Mrs. Dias's lighted bedroom, and threatened her with a screwdriver. She heard other persons in a front room leave with her television set. She ran upstairs. Sylvia called the police. When Mrs. Dias described her assailant, Sylvia said, this sounds "like someone that just left my [mother's] apartment." About 1 A.M., Mrs. Dias and Sylvia, at the police station, went over 200 to 300 pictures in cabinets. Police officers were not near them but were at a desk ten to fifteen feet away. Sylvia picked out a picture and said that the subject had been in her mother's apartment that night. Mrs. Dias said, "This is the man that I'm looking for except he has this new hairdo now . . . ." The picture was of Garvin. No police officer directed their attention to any particular picture. Mrs. Dias told the police at her apartment and later testified that she had seen the intruder before and would recognize him again. At trial Mrs. Dias identified Garvin as her assailant and was definite in her testimony that she needed no assistance in picking out Garvin's picture and was not in doubt about her identification. There was no State or police action which induced the identification. In our opinion (a) the photograph selection was not improper under standards outlined in *Simmons* v. *United States*, 390 U. S. 377, 382–386; and (b) the judge reasonably decided that Mrs. Dias's in-court identification was independent of pre-trial procedures and "beyond a reasonable doubt . . . [was] not tainted . . . by . . . [Sylvia's] remarks."

*Judgments affirmed.*

The case was submitted on briefs.

*Reuben Goodman & Stephen Axelrad* for the defendant.

*Newman A. Flanagan & Alvan Brody* for the Commonwealth.