COMMONWEALTH *vs.* JAMES W. SHERIDAN.

Berkshire.    December 9, 1974. — February 7, 1975.

Present: HALE, C.J., ROSE, KEVILLE, GOODMAN, GRANT, & ARMSTRONG, JJ.

*Identification.    Practice, Criminal,* Findings by judge.

At the trial of indictments for rape, admission of the victim's in-court identification of the defendant as her assailant was reversible error where the victim had identified the defendant before trial from police mugshots of the defendant shown to her without photographs of other persons and at two ensuing one-to-one confrontations arranged by the police, where following her first complaint as to both rapes the victim gave only a general description of her assailant to the police, and where both rapes occurred at night in circumstances that made existence of an independent basis for the in-court identification doubtful. [52] HALE, C.J., joined by GOODMAN, J., concurring; ARMSTRONG, J., joined by KEVILLE, J., dissenting.

INDICTMENTS found and returned in the Superior Court on October 6, 1970.

Motions to suppress evidence were heard by *Sgarzi*, J., and the cases were tried before him.

*Kay Hodge* for the defendant.

*William W. Teahan, Jr.*, Special Assistant District Attorney, for the Commonwealth.

GRANT, J.   The defendant has appealed from convictions on separate indictments (tried together) for rape of the same victim on August 21 and September 3, 1970. The only assignment of error (G. L. c. 278, § 33D) which we consider is the denial, subject to his exception, of the defendant's pre-trial motion to suppress certain evidence.

A study of the evidence adduced and the constitutional arguments advanced at the hearing of the inartfully drawn motion leads to the conclusion that unless we are to blind ourselves to constitutional realities, the motion must be construed (as it should have been by the trial judge) as one to suppress any in-court identification of the defendant by the victim on the ground that any such identification would be irreparably tainted by reason of the victim's having previously identified the defendant (1) from police mugshots of him which (unaccompanied by photographs of other persons) had been shown to the victim by a police officer on the day following her first complaint as to both rapes (see *Simmons* v. *United States,* 390 U. S. 377, 383-384 [1968]) and (2) at two ensuing one-to-one confrontations between the victim and the defendant (one of them in a police barracks) which had been arranged by the police a week following the second rape (see *Stovall* v. *Denno,* 388 U. S. 293, 295, 301-302 [1967]; *Foster* v. *California,* 394 U. S. 440, 441-444 [1969]; *Kirby* v. *Illinois,* 406 U. S. 682, 684-685, 690-692 [1972]).

The trial judge, who has since retired (compare *Commonwealth* v. *Forrester,* 365 Mass. 37, 44-46 [1974]), denied the motion (except in a respect no longer material) without making any findings of fact. See *Commonwealth* v. *Teta,* 358 Mass. 814 (1971); *Commonwealth* v. *Mendes,* 361 Mass. 507, 510-512 (1972). Contrast *Commonwealth* v. *Frank,* 357 Mass. 250 (1970); *Commonwealth* v. *Murphy,* 362 Mass. 542, 547-549, 551, n. 1 (1972). In these circumstances all we can do is examine the evidence in order to determine for ourselves whether there was "clear and convincing evidence" (*United States* v. *Wade,* 388 U. S. 218, 240 [1967]) to support findings by us that the victim's in-court identifications of the defendant as her assailant in

Commonwealth *v.* Sheridan.

both rapes would be independent of all or any combination of her three prior identifications.

Both rapes occurred at night. The best, and apparently the only, description of her assailant which the victim ever gave the police was confined to his approximate age and height, his general build, and the color and wave of his hair. The extent and intensity of the street lighting at the point where, prior to the first rape, the victim voluntarily entered her assailant's car and momentarily observed him, was not described. Most of the victim's identification testimony was phrased in terms of her opportunities to observe her assailant's facial characteristics and bodily movements in the dark while they were in the car; she was not asked to, nor did she, relate any observations actually made during that period. The intensity of the nearest street light (one or two houses away) at the point where the victim was grabbed from the rear in advance of the second rape was problematical at best. Although the victim did testify that before she was dragged away from the area of the sidewalk she recognized her then assailant as the one who had committed the first rape, the second assault occurred in an overgrown area shielded from the nearest street light by foliage-bearing trees, a house, and a barn (or garage).

"In the absence of specific findings by the trial judge on the issue, we entertain grave doubt whether there could be found to be independent basis for ... [either of the victim's] in-court identification[s]." *Commonwealth* v. *Teta,* 358 Mass. 814 (1971). Particularly is there room for such doubt when we consider that it does not appear that the victim told the police the same person had committed both rapes until she was shown the mugshots of the defendant.

We reverse the judgments and set aside the verdicts in order to avoid possible miscarriage of justice.

*So ordered.*

The case was argued before Hale, C.J., and Rose, Keville, Grant and Armstrong, JJ. and was thereafter submitted on the record and briefs to Goodman, J.

Commonwealth *v.* Sheridan.

HALE, C.J. (concurring, with whom Goodman, J., joins). We agree with the opinion by Justice Grant. We are particularly concerned with the effect of the three egregiously suggestive identification procedures arranged by the police. See *Cooper* v. *Picard,* 428 F. 1351 (1970); *Cooper* v. *Picard,* 316 F. Supp. 856, 859 (D. Mass. 1970). See also *Commonwealth* v. *McGrath,* 361 Mass. 431, 436-437 (1972).

ARMSTRONG, J. (dissenting, with whom Keville, J., joins). We are of the opinion that there was evidence sufficiently "clear and convincing" to warrant the judge's implied finding that the victim's in-court identification was independent of the unnecessarily suggestive out-of-court identifications improperly set up by the police. There was evidence at the hearing on the motion to suppress that the victim immediately recognized and identified her attacker at the time of the second rape as the same person who had raped her two weeks previously (as well as evidence at the trial that prior to the second rape, while walking on the street with a friend, she recognized the person who had raped her earlier and identified him as such to the friend). This testimony, if believed, coupled with her observations over a forty minute period before, during, and after the first rape, clearly warranted a finding that she could identify (because she had in fact identified) her attacker independently of the subsequent suggestive police procedures. For this reason the present case must be distinguished from *Commonwealth* v. *Teta,* 358 Mass. 814 (1971).