COMMONWEALTH *vs.* KEVIN WHEELER.

Suffolk.    January 13, 1975. — July 29, 1975.

Present: HALE, C.J., GRANT, & ARMSTRONG, JJ.

*Constitutional Law,* Due process of law.    *Identification.*

There was no error in a criminal trial in permitting the victim to identify the defendant as her assailant and to testify concerning her earlier identification of him at a probable cause hearing where the

Commonwealth *v.* Wheeler.

judge made findings, supported by the evidence, that she had a suf-
ficient opportunity to observe her assailant during the commission of
the crime to provide a basis for subsequent identifications and where
two days after the crime, and again eight days thereafter, she had
identified the defendant after chancing to see him from her window.
[389]
An identification of a criminal defendant at a probable cause hearing
was an in-court identification, and testimony concerning it was sub-
ject to exclusion for impermissible suggestiveness only to the extent
that an identification at the trial would be. [390-391]
There is no constitutional requirement that an in-court identification
confrontation be conducted as a lineup or otherwise be free of the
suggestion inherent in the circumstances. [391]
Exclusion of evidence of an unnecessarily suggestive out-of-court iden-
tification is not automatically required if the identification is reliable
and independent of the suggestive confrontation procedure. [391]
The test for determining whether an in-court identification is inde-
pendent of a constitutionally tainted out-of-court identification is
the same as that for determining whether an out-of-court identifica-
tion is independent of the suggestive circumstances in which it was
made, namely, whether the identification sought to be admitted in
evidence is the product of the witness's observations at the time of
the crime or is instead the product of improper suggestions by the
police. [391-392]
At a criminal trial it was within the discretion of the judge whether to
allow the defendant's motion for a continuance for the purpose of
procuring a suitable stocking for a demonstration. [392-393]


INDICTMENTS found and returned in the Superior Court
on December 5, 1973.

The cases were tried before *Dimond*, J.

*William A. Nelson* for the defendant.

*Daniel C. Mullane*, Assistant District Attorney, for the
Commonwealth.


ARMSTRONG, J.   The defendant appeals under G. L.
c. 278, §§ 33A-33G, from convictions for offenses under
G. L. c. 265, §§ 17, 18A, and 22, arising from a single episode
on October 2, 1973, in which an apartment in Dorchester
was entered by a young man, armed with a knife and
with a nylon stocking over his head and face, who raped
and robbed the sole occupant, a 55 year old nurse. On
October 4, looking from her window, the victim saw a
man whom she identified (to her niece, who was then
with her) as her assailant, but by the time the police ar-
rived he was gone. On October 10 she saw the same man.

Commonwealth *v.* Wheeler.

This time the police arrived and arrested the defendant; but as the victim did not see the arrest and the police left without speaking to her, she went to the station that night to see (without success) whom they had arrested. The next day she went to the Municipal Court of the Dorchester District, where she saw the defendant in the dock, identified him, and swore out a complaint. On October 18 she identified the defendant, who by then was represented by counsel, at a probable cause hearing, and she subsequently was permitted to identify the defendant at the trial which resulted in the convictions appealed from.

The issue most strenuously argued here is that it was error for the judge to have permitted the victim to identify the defendant at the trial as her assailant and to testify concerning her earlier identification of him at the October 18 probable cause hearing.[1] The trial judge conducted a voir dire concerning the admissibility of these identifications, and thereafter made detailed findings, fully supported by the evidence, such as "are not likely to be disturbed by us." *Commonwealth* v. *Frank,* 357 Mass. 250, 254 (1970). *Commonwealth* v. *Murphy,* 362 Mass. 542, 548-549 (1972).

That would end the matter but for the defendant's argument that the judge applied an incorrect legal standard, by ruling "that the confrontation procedure ... on October 18 was not so unnecessarily suggestive and conducive to *irreparable* [emphasis supplied] misidentification as to deny the defendant due process of law." This, the defendant argues, is "the standard for judging the admissibility of in-court (as opposed to pretrial) identifications, and the ... subsidiary findings, while pertinent to the admissibility of the in-court identification, were largely irrelevant to the

---

[1] The trial judge was "not ... satisfied that ... [the victim's] presence at the Dorchester ... Court on October 11 was accidental" and, as the defendant was not then represented by counsel and may already have been charged with the offenses here in issue, the judge suppressed the October 11 identification on the basis of the per se exclusionary rule of *United States* v. *Wade,* 388 U. S. 218 (1967), and *Gilbert* v. *California,* 388 U. S. 263 (1967).

admissibility of this pretrial identification." In support of this view the defendant relies on the following passage in *Neil* v. *Biggers,* 409 U. S. 188, 198 (1972): "It is, first of all, apparent that the primary evil to be avoided is 'a very substantial likelihood of irreparable misidentification.' *Simmons* v. *United States,* 390 U. S. at 384. While the phrase was coined as a standard for determining whether an in-court identification would be admissible in the wake of a suggestive out-of-court identification, with the deletion of 'irreparable' it serves equally well as a standard for the admissibility of testimony concerning the out-of-court identification itself." From another passage in *Neil* v. *Biggers*[2] the defendant argues in effect that evidence of any unnecessarily suggestive pretrial confrontation occurring after the decision in *Stovall* v. *Denno,* 388 U. S. 293 (1967), must be suppressed.

For two reasons we reject the defendant's contentions.

First, the October 18 identification at the probable cause hearing was an in-court identification, and testimony concerning it was no more subject to exclusion for impermissible suggestiveness than an identification at the later trial. "Undoubtedly any in-court identification confrontation, whether at a preliminary hearing or at trial, . . . carries with it the stigma of the inevitable suggestion that the state thinks the defendant has committed the crime." *Baker* v. *Hocker,* 496 F. 2d 615, 617 (9th Cir. 1974). "It might well be argued that the deeply-rooted practice of allowing witnesses to identify the defendant in open court is no less a suggestive showup than those condemned by *Stovall* [v. *Denno,* 388 U. S. 293 (1967)] and *Foster* [v. *California,* 394 U. S. 440 (1969)]. But we decline to take the giant

---

2 "What is less clear from our cases is whether . . . unnecessary suggestiveness alone requires the exclusion of evidence . . . .. The purpose of a strict rule barring evidence of unnecessarily suggestive confrontations would be to deter the police from using a less reliable procedure where a more reliable one may be available, and would not be based on the assumption that in every instance the admission of evidence of such a confrontation offends due process . . . Such a rule would have no place in the present case, since both the confrontation and the trial preceded *Stovall* v. *Denno* . . .." *Neil* v. *Biggers,* 409 U. S. at 198-199.

step of holding in-court identifications inadmissible. It is sufficient safeguard that the accused be allowed to question the weight to be given the 'in-court' identification . . .." *United States* v. *Hamilton,* 469 F. 2d 880, 883 (1972). There is no constitutional requirement that an in-court identification confrontation be conducted as a lineup or otherwise be free of suggestion. An in-court testimonial identification must be excluded if it is the product of an out-of-court confrontation, arranged by the state, which was unnecessarily suggestive and conducive to irreparable misidentification. *Simmons* v. *United States,* 390 U. S. 377, 384 (1968). *Coleman* v. *Alabama,* 399 U. S. 1, 5-6 (1970). *Neil* v. *Biggers, supra,* at 196-198. Otherwise the defendant must find protection in his right to cross-examine his accusers and produce evidence in his own behalf.

Second, we do not agree with the defendant's contention that the test under the due process clause for the exclusion of evidence of out-of-court identifications is qualitatively different from the test for the exclusion of in-court identifications.

*Neil* v. *Biggers,* as we read it, cast doubt on the assumption that earlier identification cases required the exclusion of evidence of unnecessarily suggestive out-of-court identifications for that reason alone. The Supreme Court in *Neil* v. *Biggers* stated that the "central question" under the due process clause is "whether under the 'totality of the circumstances' the identification was reliable even though the confrontation procedure was suggestive . . . [and that] the factors to be considered in evaluating the likelihood of misidentification include the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation." *Neil* v. *Biggers,* at 199-200. The listed factors, of course, parallel those set forth in *United States* v. *Wade,* 388 U. S. at 241, for determining whether an in-court identification is independent of a constitutionally tainted out-of-court identifi-

cation. The tests are the same. Hennessey, "Constitutional Rights of the Accused," 60 Mass. L. Q. (No. 1) 19, 30 (1975). The crucial determination in both instances is whether the identification sought to be admitted in evidence is the product of the witness' observations at the time of the crime or is instead the product of improper suggestions by the police.

The word "irreparable" is not the crux of the test. The court in *Neil* v. *Biggers* simply used that word to denote the continuing effect of a mistaken identification. The crux is the likelihood of misidentification. A mistaken identification, once made, is likely to be irreparable, as was observed in *United States* v. *Wade, supra,* at 229, because the subsequent "identifications" are in the usual case only repetitions for different audiences of an initial identification.

It follows that if an initial identification is the result of improper suggestions by the police, that identification and all repetitions of it must be suppressed. If, on the other hand, the Commonwealth establishes that the initial identification is the product of something other than improper action by the state, due process does not require the suppression of it or its repetitions. *Commonwealth* v. *Garvin,* 360 Mass. 846, 847 (1971).

It is clear that the judge applied the correct test in the case at bar. His findings establish not only that the original identification of the defendant by the victim (to her niece) was utterly independent of any involvement by the police. They further establish that her identifications on October 11, October 18, and at the trial, were all the product of detailed observations at the time of the crime under good lighting conditions for an extended period. The judge did not err in admitting the in-court identification and the testimony concerning the October 18 identification.

We have considered the other assignments of error argued by the defendant and find them to be without merit. It would have rested in the discretion of the judge whether to permit a stocking to be pulled over the defendant's face and head, *Commonwealth* v. *Flynn,* 362 Mass. 455, 472-473 (1972); a fortiori, it was discretionary whether to allow

a continuance for the purpose of procuring a suitable stocking. There was no abuse of discretion in denying the defendant's motions for mistrials after the mention of the default warrant or the question concerning testimony at the probable cause hearing. The judge's prompt curative instructions in each instance sufficed. *Commonwealth* v. *Gibson,* 357 Mass. 45, 48-49 (1970), cert. den. 400 U. S. 837 (1970). *Commonwealth* v. *Martin,* 362 Mass. 243, 245 (1972). *Commonwealth* v. *Marvrellis, ante,* 165, 166-167 (1975). Cf. *Commonwealth* v. *Crehan,* 345 Mass. 609, 613-615 (1963), and *Goldstein* v. *Gontarz,* 364 Mass. 800, 811-812 (1974).

*Judgments affirmed.*