COMMONWEALTH *vs.* STEVEN J. COBURN. February 25, 1977. The pretrial hearing on the motion to suppress and the trial of the indictments in this case have yielded twelve undigested volumes of tran-

---

[a] 231 N.W.2d 370, 373 (1975).

script which the defendant's counsel has "dumped . . . upon the court with . . . general and diffusive argument" (*Commonwealth* v. *Gale,* 317 Mass. 274, 277 [1944]); we confine our consideration to such of the assignments of error as comply with G. L. c. 278, § 33D (*Commonwealth* v. *Silvia,* 343 Mass. 130, 136, 138 [1961]; *Commonwealth* v. *Fleurant,* 2 Mass. App. Ct. 250, 251, n.1 [1974]), are grounded on exceptions, have been argued (Rule 1:13 of the Appeals Court, as amended effective February 27, 1975, 3 Mass. App. Ct. 801), and appear to have merit. *Commonwealth* v. *Dutney,* 4 Mass. App. Ct. 363, 364 (1976). 1. The defendant filed no pretrial motion to suppress the anticipated in-court identification of himself by either victim, nor was any objection voiced when either victim was asked at trial to identify the defendant as one of the intruders. See and compare *Commonwealth* v. *Kennedy,* 3 Mass. App. Ct. 218, 223-225 (1975). The judge did not err in denying so much of the motion to suppress as was directed to Kenneth St. George's pretrial photographic identification of the defendant at the Marshfield police station (at which Patti St. George was not present); the evidence at the hearing on the motion did not warrant a finding that the police had employed any impermissibly suggestive procedure on that occasion. See *Commonwealth* v. *Roberts,* 362 Mass. 357, 365-366 (1972); *Commonwealth* v. *Murphy,* 362 Mass. 542, 544-545 (1972); *Commonwealth* v. *DeBrosky,* 363 Mass. 718, 725-726 (1973). Contrast *Commonwealth* v. *Sheridan,* 3 Mass. App. Ct. 50, 51 (1975). We need not consider whether there was error in the denial of so much of the same motion as was directed to the pretrial identifications of the defendant which had been made by both victims at the District Court on some occasion prior to the commencement of the probable cause hearing. The prosecution offered no evidence of either such identification as part of its case; what the jury heard concerning those identifications was elicited by the defendant during his cross examination of both victims. 2. The defendant now argues for the first time (see *Commonwealth* v. *Proctor,* 355 Mass. 504, 506 [1969]) that he was denied his Sixth Amendment right of cross examination by various rulings made by the judge (under G. L. c. 233, § 20) excluding questions put to the St. Georges (who were husband and wife) as to private conversations they had had with each other prior to making their respective identifications of the defendant as one of the intruders. The defendant took an exception to only one of the eleven rulings (if they were that) referred to in the relevant assignment of error; there was no harm in any event, because the transcript discloses several instances during the course of the trial (not referred to in the relevant assignment) in which the defendant explored such conversations without hindrance. 3. There was no question as to the sufficiency of the evidence to warrant a finding of the defendant's guilt on each indictment, with the possible exception of indictment No. 48467 (which is disposed of in part 7 hereof). The argument to the contrary consists of nothing more than a summary of the evidence most favorable to the defendant on the question whether either or both of the victims might have been mistaken in identifying the defendant as one of the intruders; as the defendant ultimately concedes, "the facts . . . [were] for the jury to decide." 4. There was no error in the denial of the defendant's second motion for a mistrial based on an alleged violation of the judge's order for

the sequestration of witnesses; it is clear from the interrogation of the witness Gatto that what he had discussed with the St. Georges and what he had overheard them discussing with each other had nothing to do with the case on trial. 5. The judge was correct in denying the defendant's motion to dismiss all the indictments (even if that were a proper remedy) because of an alleged failure on the part of the prosecution to comply with an outstanding order that the defendant be supplied with copies of the criminal and probation records of one of the witnesses for the prosecution. It developed that there were two untried indictments pending against the witness in an adjoining county which had not been discovered by the probation officer due to an honest misunderstanding as to the witness' date of birth. Neither indictment had ripened into a conviction which would have been admissible in evidence under G. L. c. 233, § 21, and there was nothing to suggest that the defendant wanted to use the records in question for any other purpose. Contrast *Commonwealth* v. *Ferrara*, 368 Mass. 182, 188-190 (1975). Any harm which may have resulted to the defendant was caused by counsel's refusal to accept the judge's second offer to recall the witness as a witness for the court if counsel could point to something that would be admissible in evidence. 6. The subjects of three of the requests for instructions which the defendant says were improperly denied (Nos. 18, 19 and 21) were adequately covered in the charge. *Commonwealth* v. *Monahan*, 349 Mass. 139, 170-171 (1965). No abuse of discretion is shown in connection with the refusal to grant the other two requests still complained of (Nos. 16 and 17). Compare *Commonwealth* v. *Dutney*, 4 Mass. App. Ct. at 369-370, and cases cited. 7. Indictment No. 48467 did not allege an offence under the first clause or the third clause of G. L. c. 265, § 14, or under G. L. c. 265, § 15. See and contrast the forms of indictment which may be used under those sections which are found in G. L. c. 277, § 79. That indictment did allege a simple assault, but that offence was comprehended within the allegations of indictment No. 48463, on which the defendant was also convicted and sentenced. Accordingly, indictment No. 48467 should have been dismissed. *Kuklis* v. *Commonwealth*, 361 Mass. 302, 306-309 (1972). *Salemme* v. *Commonwealth*, 370 Mass. 421, 424 (1976). Compare *Commonwealth* v. *White* (*No. 2*), 365 Mass. 307, 311-312 (1974). The judgment on indictment No. 48467 is reversed; the verdict on that indictment is set aside, and the indictment is to be dismissed. The judgments on all the other indictments are affirmed.

*So ordered.*

*Edward F. Myers* (*Milton Yakus* with him) for the defendant.
*Francis M. O'Boy*, Assistant District Attorney, for the Commonwealth.