COMMONWEALTH *vs.* EUGENE EVANS. June 24, 1977. The defendant was convicted on an indictment charging armed robbery. He assigns as error the partial denial of his motion to suppress "any identification" of him made by the victim of the robbery. At the hearing on the defendant's motion there was evidence that early in the morning of September 25, 1974, the victim, a hotel desk clerk, was robbed at gunpoint by two men. The robbery occurred in the well-lighted elevator of the hotel. The incident took about five minutes. The victim was left bound and gagged. After freeing himself, he summoned the police. He identified one of the robbers, Hill, by name and provided a description of the other (the defendant). From a group of mug shots he picked out photographs of Hill and another person (not the defendant). The defendant's photograph was not among those shown to the victim. (There was testimony by the victim that the person in that photograph resembled the defendant. The photographs are not before us.) Later that day police officers arrested Hill and the defendant who were together at the time. The police took Polaroid photographs of Hill and the defendant, added a photograph of each to the group of mug shots previously shown to the victim, and again showed the group to him. The victim identified the two Polaroid photographs as those of the robbers. The following day, in preliminary proceedings in the Municipal Court of the City of Boston, the victim under cross-examination by defense counsel again identified Hill and the defendant who were alone in the dock. The judge suppressed the photographic identification; but he ruled that the identification in the Municipal Court of the City of Boston and the in-court identification at trial should not be suppressed as being impermissibly suggestive or tainted by the photographic identification. The judge found that the victim "had ample opportunity" to observe his assailants in the course of the robbery, that the elevator was well-lighted, and that the three men obviously were in close proximity to one another during the commission of the crime. He found that the in-court identifications were not tainted by any prior suggestiveness. The judge's findings are fully supported by the evidence and will not be disturbed by us. *Commonwealth* v. *Frank,* 357 Mass. 250, 254 (1970). *Commonwealth* v. *Murphy,* 362 Mass. 542, 545-549 (1972). The legal effect of those findings, on overwhelming authority, was to make the identification in the Municipal Court of the City of Boston

and at trial admissible in evidence. See *Commonwealth* v. *Ross,* 361 Mass. 665, 671-673 (1972); *Commonwealth* v. *Botelho,* 369 Mass. 860, 866 (1976); *Commonwealth* v. *Wheeler,* 3 Mass. App. Ct. 387, 390-391 (1975). Compare *Commonwealth* v. *Dickerson,* 372 Mass. 783, 791 (1977).

*Judgment affirmed.*

BROWN, J. (concurring). I would like to add that counseled lineups are to be encouraged (see *Commonwealth* v. *Dickerson,* 372 Mass. at 791, and prosecutorial errors are to be discouraged. Cf. *Commonwealth* v. *Earltop,* 372 Mass. 199, 204-206 (1977) (Hennessey, C.J., concurring).

*Daniel J. Harkinson* (*Robert S. Potters & Susan Baronoff* with him) for the defendant.

*Robert J. McKenna, Jr.,* Assistant District Attorney (*Paul V. Buckley,* Assistant District Attorney, with him) for the Commonwealth.