COMMONWEALTH *vs.* THOMAS J. LYNES. January 26, 1978. The defendant has failed to sustain his burden of demonstrating that the pretrial procedures identifying the defendant as one of the robbers were suggestive. See *Commonwealth* v. *Schlieff,* 5 Mass. App. Ct. 665, 670 (1977); *Commonwealth* v. *Chase,* 372 Mass. 736, 745 (1977). The trial judge could have found that the selection of the defendant's photograph by one of the victims from an array of eight or ten photographs was free of suggestion on the part of the police. The fact that no more than seven or ten photographs were used did not render the procedure suggestive. See *Commonwealth* v. *Gilday,* 367 Mass. 474, 494-495 (1975); *Commonwealth* v. *Mobley,* 369 Mass. 892, 896-897 (1976). Although that witness knew the defendant's name before selecting his photograph, there was no showing that the fact affected her selection. Compare *Commonwealth* v. *Hogg,* 4 Mass. App. Ct. 225, 228 (1976). Nor did the victims' identification of the defendant at a probable cause hearing in a District Court require a suppression of the in-court identification at trial. *Commonwealth* v. *Wheeler,* 3 Mass. App. Ct. 387, 390-391 (1975), and cases cited. But see *Commonwealth* v. *Evans,* 5 Mass. App. Ct. 843, 844 (1977). (Brown J., concurring). Since neither of the pretrial identifications was suggestive, we need not pass upon the question whether the witnesses' in-court identification at trial had an independent basis, the opportunity of the victims to have observed the defendant at the time of the commission of the crime.

*Commonwealth* v. *Mobley, supra* at 897. *Commonwealth* v. *Corgain,* 5 Mass. App. Ct. 899 (1977).

*Judgment affirmed.*

The case was submitted on briefs.

*Linda Olmstead* for the defendant.

*Thomas Peisch, Michael J. Traft,* Special Assistant District Attorneys, & *Clyde R. W. Garrigan,* Legal Assistant to the District Attorney, for the Commonwealth.