COMMONWEALTH *vs.* GERALD B. BUCKLEY, JR. September 14, 1978. The defendant cannot prevail on any of his assignments of error filed in these appeals (G. L. c. 278, §§ 33A-33G) from convictions of rape and kidnapping. The defendant presented alibi witnesses, including two who were gasoline station attendants and who testified that at the time when, according to the victim, the defendant, in Boston, offered her a ride which culminated in the rape, the defendant was at a gasoline station in Tewksbury, where he was having trouble with his automobile; he finally started it with the help of other customers.

*Assignment 1.* The victim's identification of the composite likeness she had produced with the aid of the police two days after the rape was a sufficient basis for its admissibility in evidence. It was not necessary to establish a "chain of custody." Leach & Liacos, Massachusetts Evidence at 282 (4th ed. 1967). The defendant's bare allegation, as put in his brief, that the composite "had been tampered with due to some blue ink markings" does not affect its admissibility.

*Assignment 4.* The inadmissibility of evidence of a rape victim's acts of unchastity in the circumstances of this case had been established long prior to G. L. c. 233, § 21B (inserted by St. 1977, c. 110, effective as an emergency law on April 19, 1977). *Commonwealth* v. *Gardner,* 350 Mass. 664, 668 (1966). *Commonwealth* v. *Manning,* 367 Mass. 605, 615 (1975) (Braucher, J., dissenting). The trial judge's reference to that statute was immaterial. Thus, the defendant is not aided by his argument that the statute is inapplicable to rape committed prior to its effective date. (We in no way intimate that the contention has any merit.)

*Assignment 5.* Although the assignment is referred to in the defendant's brief, he does not indicate how it was error to allow the three questions put by the Commonwealth on cross examination of the defendant to which exceptions were taken. These were legitimate cross examination.

*Assignment 8.* The admission of photographs of a Chrysler Newport automobile, the kind owned by the defendant, and of a Cadillac, for purposes of comparison, was well within the judge's discretion. *Commonwealth* v. *Bjorkman,* 364 Mass. 297, 302-303 (1973).

*Assignment 12.* The instruction requested by the defendant, which the judge stated he had given in substance, is not before us, and the exception has no basis in the record. *Commonwealth* v. *Tatro,* 4 Mass. App. Ct. 295, 297 (1976). No exception was taken to any part of the charge as given, and from our own examination of the entire charge we conclude that it adequately submitted to the jury all issues of fact involved in the case. See *Commonwealth* v. *McLeod,* 367 Mass. 500, 502 (1975).

Other assignments of error allegedly committed at the trial are not based on exceptions, and we see no reason to discuss them specifically. The crucial choice for the jury was between the reliability of the victim's identification and the reliability of the alibi witnesses, particularly the two gasoline station attendants. The identification was attacked on cross examination rather than by motion to suppress. See *Commonwealth* v. *Lombardo*, 2 Mass. App. Ct. 387, 389 (1974). Our examination of the record, beyond which we do not go, does not indicate that our intervention is warranted. See *Stovall* v. *Denno*, 388 U.S. 293 (1967); *Commonwealth* v. *Lopes*, 362 Mass. 448, 452 (1972). Other alleged errors argued, if they were errors, could not significantly have affected the jury's ultimate determination.

*Assignment 19.* The trial judge properly denied the defendant's motion for a new trial which alleged, without more, "newly discovered evidence." The motion was not accompanied by an affidavit indicating what that evidence would be (see Superior Court Rule 9 [1947]), and counsel represented to the court only that thay had "received a call from a man who was in the vehicle who rendered assistance to Mr. Buckley on the night in question." As the prosecuting attorney pointed out to the judge, there had "been no showing of what the evidence is or would be or what effect it would have . . . at this stage." On this sketchy record we cannot tell if the alleged evidence would have raised sufficient doubt whether justice had been done so that a new trial ought to have been granted. G. L. c. 278, § 29. See *Commonwealth* v. *Richardson*, 1 Mass. App. Ct. 348, 353 (1973). See also *Commonwealth* v. *Ellison*, 376 Mass. 1, 17 (1978).

*Judgments affirmed.*

*Michael R. Pizziferri* (*Joseph A. Todisco* with him) for the defendant.
*Robert M. Raciti*, Legal Assistant to the District Attorney, for the Commonwealth.