COMMONWEALTH *vs.* JARVIS CHAVIS, JR. May 2, 1979. The defendant here appeals (G. L. c. 278, §§ 33A-33G) from his conviction on an indictment charging armed robbery (G. L. c. 265, § 17). The defendant's principal contentions center on the admissiblity and weight of the Commonwealth's identification evidence. See *Commonwealth* v. *Underwood*, 358 Mass. 506, 507-512 (1970); *Commonwealth* v. *Denault*, 362 Mass. 564, 565-567 (1972). There was no error.

The victim, the sole witness to the incident, identified the defendant at trial and testified to an earlier post-robbery identification at a police station in the nature of a one-on-one confrontation. The defendant did not move pretrial to suppress that prior out-of-court identification. See *Commonwealth* v. *Denault, supra* at 566. Contrast *Commonwealth* v. *Teta*, 358 Mass. 814 (1971); *Commonwealth* v. *Sheridan*, 3 Mass. App. Ct. 50, 51 (1975). Nor did he request a voir dire at trial on the issue of identification. See *Commonwealth* v. *Underwood, supra* at 509-510. Moreover, there was no objection (except in an aspect not here material) to the identification testimony. See *id.* at 510. Thus, for all that appears, the defendant's actions were the result of a trial strategy. *Id.* See also *Commonwealth* v. *Meggs*, 4 Mass. App. Ct. 773, 774 (1976).

"A 'one-on-one' confrontation . . . is disfavored generally as a basis of identification" (*Commonwealth* v. *Barnett*, 371 Mass. 87, 91-92 [1976], cert. denied, 429 U.S. 1049 [1977]; see *Commonwealth* v. *Evans*, 5 Mass. App. Ct. 843, 844 [1977] [Brown, J., concurring]); however, on the record before us, it has not been made to appear that the pre-trial, out-of-court meeting between the victim and the defendant was improperly suggestive or prearranged by the police. Compare *Commonwealth* v. *Walker*, 370 Mass. 548, 564-565, cert. denied, 429 U.S. 943 (1976).

We conclude that the testimony of the victim, in the face of competent and vigorous cross-examination, provided ample evidence to sup-

port the Commonwealth's position that the witness was able to identify the defendant as the robber with certainty. Contrast *Commonwealth* v. *Kazonis*, 356 Mass. 649, 652-653 (1970). Accordingly, the defendant's several motions for a directed verdict and a new trial based on the identification issue were properly denied.

The other issues raised by the defendant's assignment of errors are devoid of merit and no discussion of them is necessary.

*Judgment affirmed.*

*Peter L. Ettenberg* for the defendant.

*Daniel F. Toomey*, Assistant District Attorney, for the Commonwealth.