COMMONWEALTH *vs.* HAROLD GUY.

Suffolk. January 23, 1980. — February 29, 1980.

Present: HALE, C.J., GRANT, & NOLAN, JJ.

*Practice, Criminal,* Location of defendant in courtroom.

In a criminal case tried prior to the decision of the Supreme Judicial Court in *Commonwealth* v. *Moore*, 379 Mass. 106 (1979), the judge did not abuse his discretion in denying the defendant's request to sit at counsel table. [319-320]

INDICTMENTS found and returned in the Superior Court on June 13, 1977.

The cases were tried before *Roy, J.*

*Hugh W. Samson* for the defendant.

*Philip T. Beauchesne,* Assistant District Attorney, for the Commonwealth.

NOLAN, J.  Indictments were returned against the defendant on June 13, 1977, alleging the commission of the crimes of rape and robbery on May 16, 1977.  His trial commenced before a jury on September 27, 1977.  He was found guilty of these crimes on September 29, 1977.  On the first day of trial, the defendant presented an oral request to sit at counsel table to assist his attorney.  The trial judge denied the request with the following comment:  "I don't know what he can do to assist you there.  I deny it and I save your exception, and I place my reasons on the record: There are men in custody who, for reasons of security, could not possibly be allowed out of the dock, and to allow your client to sit there and some other defendant to be required to sit in the dock before the same general venire of jurors might prejudice that other man's case.  All right.  Your exception is saved."

The only issue raised in this appeal is the correctness of the trial judge's denial of this request.  We see no abuse of discretion in the judge's ruling.  The defendant cannot rely on the procedure prescribed in *Commonwealth* v. *Moore,* 379 Mass. 106 (1979), since that procedure is clearly prospective.  *Id.* at 111.

The question of a criminal defendant's right to sit in the courtroom during his trial elsewhere than in the dock claimed the attention of the Supreme Judicial Court at least six times before the decision in *Moore.*  See *Commonwealth* v. *Jones,* 362 Mass. 497, 500-501 (1972); *Commonwealth* v. *Bumpus,* 362 Mass. 672, 680 (1972), judgment vacated and remanded on other grounds, 411 U.S. 945 (1973), *S.C.* 365 Mass. 66 (1974); *Commonwealth* v. *MacDonald (No. 2),* 368 Mass. 403, 408-409 (1975); *Commonwealth* v. *Walker,* 370 Mass. 548, 573-574, cert. denied, 429 U.S. 943 (1976); *Commonwealth* v. *Campbell,* 378 Mass. 680, 697-698 (1979).  This court has spoken to it on two occasions.  See *Commonwealth* v. *Magnasco,* 4 Mass. App. Ct. 144, 148 (1976);

*Commonwealth* v. *Labbe,* 6 Mass. App. Ct. 73, 81 (1978). In all of these cases, the seating arrangements were held to be within the discretion of the trial judge.

*Commonwealth* v. *Moore, supra,* was the first such case addressed by the Supreme Judicial Court after the decision in *Walker* v. *Butterworth,* 599 F.2d 1074 (1st Cir. 1979). In *Walker, supra* at 1080-1081 n.7, two judges in a panel of three concluded that the use of the prisoner's dock in Massachusetts is, as a general matter, an unconstitutional practice. However, although one judge would have found reversible constitutional error on that point, the second thought it unnecessary to decide whether use of the dock provided a likelihood of harmful error in that case, and the third did not join in that portion of the opinion because it was unnecessary for disposition of the appeal. As a result of *Walker,* the court in *Moore* said: "*For the future,* we think that a judge confronted with a request that the defendant be permitted to sit at counsel table should not deny the request unless he follows the 'more circumspect procedure' we have prescribed for unusual security measures. See *Commonwealth* v. *Brown,* 364 Mass. 471, 478-480 (1973)" (emphasis supplied). 379 Mass. at 111.

In a word, *Moore* was decided in 1979. The defendant was tried in 1977 when the seating location of a defendant at his trial was within the judge's discretion.

The record is significantly silent as to any claim of difficulty that the defendant might have had in communicating with his counsel or in assisting him in the conduct of the trial. Further, the defendant has not argued and there is no indication that the defendant's placement in the dock created a danger of misidentification by being unduly suggestive, since the victim had an independent basis for identification. The defense did not move for an in-court lineup nor did it request that the defendant be seated elsewhere in the courtroom when the victim was to identify the accused. See *Commonwealth* v. *Moore,* 379 Mass. at 111. In sum, the defense has failed to demonstrate any prejudice to the defendant or an abuse of discretion by the judge.

*Judgment affirmed.*