COMMONWEALTH *vs.* MICHAEL WOODS. July 16, 1980. Judgments of conviction on indictments charging the defendant with rape and another crime were affirmed by this court on March 21, 1978. *Commonwealth* v. *Simpson*, 6 Mass. App. Ct. 856 (1978).[1] On March 26, 1979, the defend-

---

[1] The defendant was described in the indictments as Michael Woods, Michael Simpson and Michael Bell.

ant filed a pro se motion for a new trial, alleging (1) that he was tried for the rape of a white woman before a jury containing no blacks and that all of the blacks called to be seated were "taken off by the D.A.," and (2) that after a jury had been empanelled defense counsel made a motion, which was heard at the side bar, seeking to require the assistant district attorney to refer to the defendant as "Simpson" and not as "Woods" or "Bell." The defendant stated that he had heard the assistant district attorney say, "The F.B.I. knows him as Michael Woods." In his motion the defendant asserted that as he was able to hear this statement, the jury must have heard it as well.

The motion judge correctly ruled that the motion's first ground was invalid on the basis of *Commonwealth* v. *Soares,* 377 Mass. 461, 493 n.38, cert. denied, 444 U.S. 881 (1979). As to the second ground, it appears that the motion was heard in the courtroom where the trial was held, and that the judge determined from the defendant and the assistant district attorney the place at the side bar where the conference had taken place and the distance from that point to the jury box. The judge found the motion's second ground baseless, stating, "The jury could not possibly have heard what was happening at the side bar." In our opinion that finding disposes of the second ground.

It appears from the transcript of the hearing on the motion that the judge permitted the defendant to recite what he had heard and his version of what took place with respect to the bench conference. The defendant also told the judge that he had some "books and stuff . . . and written affidavits." These apparently related to the first basis of his motion. The judge refused to receive them or to accept the defendant's offer to explain them. We find no error. On the basis of what was alleged in the motion, the judge was not required to give the defendant any more of a hearing than he did. *Commonwealth* v. *Heffernan,* 350 Mass. 48, 54, cert. denied, 384 U.S. 960 (1966). *Commonwealth* v. *Buckley,* 6 Mass. App. Ct. 922, 923 (1978). See *Commonwealth* v. *Coggins,* 324 Mass. 552, 557, cert. denied, 338 U.S. 881 (1949). We note too that both of these issues could have been raised at trial and, if necessary, on the first appeal. That being so, the judge was not required to consider the issues raised in the motion, let alone hold a hearing on them. *Commonwealth* v. *McLaughlin,* 364 Mass. 211, 229 (1973).

*Order affirmed.*

*Michael D. Cutler* for the defendant.
*Sharon D. Meyers,* Legal Assistant to the District Attorney, for the Commonwealth.