COMMONWEALTH vs. DONALD C. SMALL.

Norfolk.    February 12, 1980. — October 20, 1980.

Present: GREANEY, ROSE, & PERRETTA, JJ.

*Identification. Practice, Criminal,* Continuance, Location of defendant
in court room, Instructions to jury, Discretionary control of evidence.
*Breaking and Entering. Intent.*

Where the victim of an assault and battery had been shown and had re-
jected approximately 300 photographs of possible suspects in eight to
ten different settings over a three-month period, a subsequent single-
photo showing of the defendant's picture, which was immediately
identified by the victim, was not unnecessarily suggestive. [607-608]

No abuse of discretion was shown by a judge's denial of a defendant's
motion for a continuance, made the day before trial was to commence,
in order to prepare his case further as a result of learning during a
hearing on pretrial motions that a witness who had identified a
photograph of the defendant had previously made a tentative iden-
tification of a different person which she had immediately retracted
upon viewing him in a lineup.  [609]

A judge did not abuse his discretion in refusing to permit a defendant to
sit in the audience section of the courtroom or in refusing to permit a
courtroom lineup.  [609]

At the trial of a defendant charged with breaking and entering a dwelling
with intent to commit larceny and assault and battery, there was no
error in denying the defendant's motion to suppress a pair of black
gloves which a police officer saw in plain view on the front seat of the
defendant's automobile, which was parked on a public street, follow-
ing the defendant's arrest for an unrelated breaking and entering.
[610-611]

There was no error in a judge's instructing the jury that a defendant has a
constitutional right not to testify even though the defendant did not re-
quest such an instruction.  [611]

There was no merit to a defendant's argument that a judge should have
on his own motion reduced the defendant's conviction of breaking and
entering with an intent to commit larceny under G. L. c. 266, § 18, to
a conviction of breaking and entering with an intent to commit a mis-
demeanor under c. 266, § 16A, because he stole less than $100.
[611-612]

A judge did not abuse his discretion in refusing to reopen a case to take
further evidence following submission of the case to the jury. [612]

INDICTMENTS found and returned in the Superior Court
on August 22, 1977.

The cases were tried before *Irwin, J.*

*Robert M. Spector* (*Eugene P. Martin* with him) for the
defendant.

*Charles J. Hely,* Assistant District Attorney, for the Com-
monwealth.

ROSE, J. The defendant appeals (G. L. c. 278,
§§ 33A-33G) from convictions of breaking and entering a
dwelling with intent to commit larceny (G. L. c. 266, § 18)
and of assault and battery. The defendant cites as error the
denial of various motions to suppress, the denial of his mo-
tion for a continuance, the denial of his motion for special
courtroom seating and a courtroom lineup, the propriety of
the trial judge's instructions to the jury, the sufficiency of
the indictment, and the trial judge's refusal to reopen the
trial to take further evidence following submission of the
case to the jury. We affirm. The facts of the case will be
discussed as necessary in conjunction with our consideration
of each of the issues raised by the defendant.

Although he took no exception to the rulings, the defend-
ant contends that the judge erred in denying his motions to
suppress the pretrial and in-court identifications. The de-
fendant's trial was conducted on November 1 and 2, 1977.
Before July 1, 1979, exceptions, "but not bare objections,
shall be regarded as preserving appellate rights." Mass.
R.A.P. 1B, par. 3, 378 Mass. 926 (1979). In any event, the
judge properly denied the defendant's motions to suppress
the identifications. On the afternoon of May 2, 1977, the
victim returned home to find that a window in the back
door of her home had been broken. She entered the door,
took a few steps, and paused before she saw her assailant
wearing black gloves and standing ten feet away in an ad-
joining room. She observed the man for fifteen to twenty-
five seconds as he slowly approached her and suddenly struck

her. Over the course of the next three months, the Foxborough police visited the victim between eight and ten times, each time presenting her with a series of photographs of possible suspects. In all, she reviewed and rejected approximately 300 photographs. The last showing, held on August 6, 1977, resulted in the victim's immediate identification of the defendant. The defendant complains that because the defendant's photograph was the only one shown the victim at that particular showing, the identification procedures employed by the police were " 'so unnecessarily suggestive and conducive to irreparable mistaken identification' as to deny the defendant due process of law." *Commonwealth* v. *Venios,* 378 Mass. 24, 27 (1979). The defendant has the burden of showing by a preponderance of the evidence that the identification was unnecessarily suggestive. *Commonwealth* v. *Botelho,* 369 Mass. 860 (1976). Although the courts have often disapproved of one-on-one confrontations, "there is no per se rule of exclusion where a single photograph is shown." *Commonwealth* v. *Jackson,* 377 Mass. 319, 332 (1979). See also *Commonwealth* v. *Nolin,* 373 Mass. 45, 51 (1977), and *Commonwealth* v. *Storey,* 378 Mass. 312, 316-317 (1979). When a one-on-one confrontation is involved, the court must consider the entire circumstances of the identification procedure. *Commonwealth* v. *Nolin, supra* at 51. Here, the victim had been shown and had rejected approximately 300 pictures in eight to ten different sittings over a three month period. In *Commonwealth* v. *Venios, supra,* the witness had been shown a series of pictures in only two sittings. At the third sitting, only the defendant's picture was shown. The court held that the single-photo showing was not unnecessarily suggestive as the showing of one more photograph "was to some extent a continuation of an ongoing process of looking through police photos." *Id.* at 29, quoting from *Nassar* v. *Vinzant,* 519 F.2d 798, 801 (1st Cir.), cert. denied, 423 U.S. 898 (1975). Since the pretrial identification procedures were not unnecessarily suggestive, the judge properly denied the motion to suppress the in-court identification.

Next the defendant argues that the judge erred in denying the defendant's motion for a continuance made at the close of the hearing on the motions to suppress the day before trial was to commence. Defense counsel had learned at the opening of the hearing on the pretrial motions that the victim had chosen a photograph depicting a man that resembled her assailant and that the police had conducted a lineup in which this man appeared. At the lineup, the victim immediately rejected the man as her assailant. Defense counsel argued that, as a result of obtaining this information only two days before the beginning of the trial, he needed more time to prepare his case. The matter of a continuance is traditionally within the discretion of the trial judge, and not every denial rises to the level of violating the defendant's right to due process. *Commonwealth* v. *Grieco,* 5 Mass. App. Ct. 350, 354-357 (1977). The trial judge must balance the need for a continuance against the inconvenience and possible prejudice to the opposing party. *Id.* at 356. Defense counsel had two days to prepare further his case for trial following receipt of the additional information, information that the district attorney himself had acquired only moments before. There was no abuse of discretion in the denial of the motion for a continuance, because there is nothing in the record to link this additional information with the necessity for further time to prepare the defendant's case, nor has the defendant shown any prejudice as a result of the denial. Contrast *Commonwealth* v. *Cavanaugh,* 371 Mass. 46 (1976).

There was no abuse of discretion in the judge's refusal to permit the defendant to sit in the audience section of the courtroom or in his refusal to permit a courtroom lineup. See *Commonwealth* v. *Jones,* 362 Mass. 497, 500-501 (1972); *Commonwealth* v. *Napolitano,* 378 Mass. 599, 603-605 (1979); *Commonwealth* v. *Guy,* 9 Mass. App. Ct. 318 (1980).[1]

---

[1] The defendant's trial took place two years before the decision in *Commonwealth* v. *Moore,* 379 Mass. 106, 110-111 (1979).

The Commonwealth introduced as evidence a pair of black leather gloves recovered from the front seat of the defendant's automobile following his arrest on July 13, 1977, for another, unrelated breaking and entering. On that occasion, the defendant was arrested on information supplied by a neighbor who had observed the defendant attempt to break and enter a neighboring home. Following the arrest, the defendant was taken to the police station for booking. The arresting officer then returned to the defendant's car, which was parked on a public street in front of the house where the attempted breaking and entry had occurred, and observed the black gloves on the front seat. The defendant gave no reason to the trial judge why the seizure of the gloves was improper. Although he was aware before the trial that the gloves had been seized, defense counsel failed to file a pretrial motion to suppress their introduction and raised the issue for the first time during the trial. The judge generously treated his objection as an oral motion to suppress and conducted a brief voir dire examination on whether the evidence was admissible. The judge carefully probed defense counsel for reasons to suppress the evidence, yet counsel offered nothing but a bare assertion that he thought "there is the possibility that the gloves may have been illegally taken." In contrast to this meager showing, the defendant now argues on appeal that this evidence should have been suppressed because the warrantless seizure of the gloves violated his Fourth Amendment right against unreasonable searches and seizures. "Evidence of a crime clearly visible to an officer, who has a right to be in a position to see the evidence, may be seized without a warrant and introduced at trial. *Coolidge* v. *New Hampshire,* 403 U.S. 443, 465 (1971)." *Haefeli* v. *Chernoff,* 394 F. Supp. 1079, 1082-1083 (D. Mass.), rev'd on other grounds, 526 F.2d 1314 (1975). The defendant's car was parked on a public street, and the black gloves were in the plain view of the arresting officer. As the defendant had no reasonable expectation of privacy in such circumstances, the arresting officer's actions in recovering the gloves did not constitute a

search within the meaning of the Fourth Amendment. *Harris* v. *United States,* 390 U.S. 234 (1968). See also *Commonwealth* v. *Frazer, ante* 429 (1980); *Commonwealth* v. *Boswell,* 374 Mass. 263, 269 (1978). The arresting officer recognized the gloves to be plausibly related as proof of criminal activity of which he was already aware. *Commonwealth* v. *Bond,* 375 Mass. 201, 206 (1978). There was no error in denying the defendant's motion to suppress.

Next, the defendant complains for the first time on appeal that the judge committed reversible error when on his own initiative he instructed the jury that a defendant has a constitutional right to remain silent and that his silence does not disturb the presumption of innocence or the Commonwealth's burden of proving guilt beyond a reasonable doubt. The instructions are set out in the margin.[2] While we have suggested that it is preferable, absent a request by the defendant or other special circumstances, to omit reference to the privilege against self-incrimination from the charge, we find no error. See *Commonwealth* v. *Powers,* 9 Mass. App. Ct. 771 (1980). The judge's instructions were proper. See *Commonwealth* v. *Goulet,* 374 Mass. 404, 410-414 (1978); *Commonwealth* v. *Delaney,* 8 Mass. App. Ct. 406 (1979).

The defendant complains for the first time on appeal that the trial judge did not on his own motion reduce the conviction from one under G. L. c. 266, § 18, charging the defendant with breaking and entering with an intent to commit larceny, to one under G. L. c. 266, § 16A, charging the defendant with breaking and entering with an intent to commit a misdemeanor. The defendant argues that because he

---

[2] "And it is obvious to you that the defendant has not testified in this case and, again, that goes back to that notion that we have what we call the presumption of innocence. The defendant has no obligation to testify in this case because, quite obviously, our system of justice in the United States of America is that those who accuse people of crime have the burden of proving their guilt. The defendant has no obligation to prove his innocence. Therefore, he is not compelled to testify and his failure to do so cannot be construed by you in any way adverse to his interests."

stole less than $100, he should have been convicted only on the lesser offense. No exception was saved, and, if it had been, we would hold that the argument has no merit. See *Commonwealth* v. *Ronchetti,* 333 Mass. 78, 82 (1955); *Commonwealth* v. *Lewis,* 346 Mass. 373, 378 (1963).

Finally, the defendant also complains for the first time on appeal that the judge erred when he refused to reopen the case for additional testimony after the jury submitted a question as to whether the defendant was right- or left-handed. Again, the issue is not before us, and it is, in any event, without merit, for "the constitutional right of the accused to call witnesses is not without limit." *Commonwealth* v. *Blaikie,* 375 Mass. 601, 610 (1978). If the defendant had desired to introduce such evidence, he had ample opportunity during the course of the trial. We find no abuse of discretion or prejudice to the defendant in the trial judge's refusal. See also *Commonwealth* v. *French,* 357 Mass. 356, 402-403, A-24 (1970).

*Judgments affirmed.*