COMMONWEALTH *vs.* THOMAS J. LYNES. April 13, 1982. The trial judge did not abuse his discretion in denying the defendant's motion for a new trial and motion for reconsideration of that denial. Mass.R.Crim.P. 30(b), 378 Mass. 900 (1979).

1. There was no error by the judge in denying the motions without first appointing counsel to represent the defendant on these postconviction matters and without conducting an evidentiary hearing. Mass.R. Crim.P. 30(c) (5) and (6), 378 Mass. 901 (1979). Of the eleven recited reasons alleged to require a new trial, ten concerned the trial judge's charge to the jury and involved no factual issues. The eleventh pertained to defense counsel's alleged ineffectiveness in presenting the defense of misidentification. That issue, however, had been decided adversely to the defendant in *Commonwealth* v. *Lynes*, 6 Mass. App. Ct. 834 (1978), on substantive and not procedural grounds. Moreover, the defendant had new counsel on his appeal, and the brief, which we have read, treated the identification questions exhaustively. The defendant's assertion that he wished "to raise other grounds of ineffective assistance of counsel" after the appointment of counsel did not require the trial judge to make an appointment. See *Commonwealth* v. *Woods*, 10 Mass. App. Ct. 836, 837 (1980). See also ABA Standards Relating to Post-Conviction Remedies § 4.4, at 66 (Approved Draft, 1968).

2. In light of the fact that *Commonwealth* v. *Rodriguez*, 378 Mass. 296 (1979), and *Commonwealth* v. *Moore*, 379 Mass. 106 (1979), had not been decided at the time of the defendant's trial and appeal, we do not attribute a failure to assert on the defendant's behalf the claims treated therein to any ineffectiveness on the part of his attorneys. See *Commonwealth* v. *Durant*, 10 Mass. App. Ct. 768, 770-773 (1980); *Commonwealth* v. *Pasciuti*, 12 Mass. App. Ct. 833, 836-837 (1981).

3. The trial judge was not required to consider the defendant's claims, *Commonwealth* v. *McLaughlin*, 364 Mass. 211, 229 (1973), and his assessment of the defendant's allegations was correct. Although the identification instruction was not as lengthy and as detailed as the one analyzed in *Commonwealth* v. *Durant*, 10 Mass. App. Ct. at 771 n.7, that holding is

particularly pertinent here. In his summation, defense counsel concentrated almost exclusively "on the possibility of misidentification," and he stressed the "infirmities in the identification testimony to the jury" and the circumstances of the witnesses' identifications. *Id.* at 772. Moreover, when read in its entirety and in context, the judge's charge adequately covered all the necessary topics for the jury's consideration. *Id.* See also *Commonwealth* v. *Pisa*, 384 Mass. 362, 363 (1981) ("[W]e conclude that the over-all impact of the instructions did not create a risk of miscarriage of justice"). The defendant's contentions as to his seating in the prisoner's dock during his trial are disposed of by *Commonwealth* v. *Guy*, 9 Mass. App. Ct. 318 (1980), and all of his assertions concerning his identification are foreclosed by *Commonwealth* v. *Lynes*, *supra*.

> *Order denying the motion for a new*
> *trial affirmed.*

> *Order denying the motion for*
> *reconsideration affirmed.*

*Joan C. Schmidt* for the defendant.
*Michael J. Traft*, Assistant District Attorney, for the Commonwealth.