COMMONWEALTH *vs.* DENNIS COLE (and five companion cases[1]). February 17, 1983. Both defendants have been convicted on separate triads of indictments for armed robbery (G. L. c. 265, § 17) committed in broad daylight. 1. The evidence at the pretrial hearing (see *Commonwealth* v. *Coburn*, 5 Mass. App. Ct. 781, 782 [1977]; *Commonwealth* v. *Worlds*, 9 Mass. App. Ct. 162, 163 [1980]) on the belated motions to suppress identification evidence was insufficient to warrant a finding that there was anything impermissibly suggestive about the initial photographic identifications of the defendant Robinson which were made by the victims Harris and Collins at the police station shortly after the robberies. 2. The judge was correct in refusing to suppress the testimony of Harris and Collins concerning their sightings of the defendants in the courthouse in West Roxbury and their in-court identifications of them at

[1] Two against Cole and three against Kenneth Ray Robinson.

the probable cause hearing. As the judge found, "[T]his was not a staged appearance in order to give the opportunity to the . . . victims to see these persons. It was simply part of the regular proceedings by which the victims were present in order to be able to testify . . . ." See and compare *Commonwealth* v. *Schlieff,* 5 Mass. App. Ct. 655, 670-671 (1977); *Commonwealth* v. *Harris,* 11 Mass. App. Ct. 165, 175 (1981); *Commonwealth* v. *Vasquez,* 11 Mass. App. Ct. 261, 267 (1981). 3. Nor was the judge required to suppress the proposed in-court identifications of the defendants merely because he had suppressed the second round of photographic identifications made by Harris and Collins. Although the subsidiary findings dictated by the judge at the conclusion of the pretrial hearing display some confusion as to the activities of the particular suspects and the sequence of events during the course of the robberies, there is nothing in the record which casts doubt on the judge's "basic finding[s] that the persons who committed the robbery were there for a sufficiently long period of time, and wherever they were during the different stages of the robbery, . . . that Mrs. Harris and Mrs. Collins had a sufficient opportunity to observe the one whom they said they identified [Robinson], and Mrs. Harris additionally had the opportunity to observe the other one [Cole], so that they have the basis for an independent identification of these two persons. As to Cole, there is only one of the witnesses, and that is Harris. As to the other, Robinson, I find that both of them had that opportunity to observe and identify the persons involved in the robbery by reason of what they saw at the time of the robbery." Compare *Commonwealth* v. *Venios,* 378 Mass. 24, 30 (1979); *Commonwealth* v. *Testa,* 7 Mass. App. Ct. 292, 293-296 (1979). Contrast *Commonwealth* v. *Moon,* 380 Mass. 751, 754, 756, 758-759 (1980). 4. The "mug shots" of Robinson which had been picked out by Harris and Collins during the initial photographic identifications were severed and properly sanitized before being offered in evidence. See *Commonwealth* v. *Lockley,* 381 Mass. 156, 165-166 (1980); *Commonwealth* v. *Blaney,* 387 Mass. 628, 636-638 (1982). It was Robinson's counsel, not the prosecutor, who elicited Harris's assumption as to how the photographs had come into the possession of the police. ("Q. And that was? A. That they had been photographed at Station 5. Q. People who had been in prior trouble — A. Previously photographed. Q. By the police? A. Yes"). Compare *Blaney, supra* at 639. 5. There was no error in the admission of Officer Morgan's testimony that Cole hid in a closet when the police went to his parents' house to arrest him and that he attempted to escape by throwing himself headfirst through a window. *Commonwealth* v. *Montecalvo,* 367 Mass. 46, 52 (1975). *Commonwealth* v. *Gilday,* 367 Mass. 474, 496 (1975). The argument to the contrary is based on an apparent misunderstanding of the evidence actually heard by the jury. Although the judge had been advised at the bench of counsel's belief that the only warrant which the police had in

their possession at the time of Cole's arrest was for a subsequent unrelated offence, the only warrants mentioned to the jury were identified as ones "[r]egarding *this* matter" (emphasis supplied). Contrast *Commonwealth* v. *Booker,* 386 Mass. 466, 467-468, 470-471 (1982). 6. The brief instructions on consciousness of guilt (which were expressly limited to Cole) were "fair and well-balanced and properly defined for the jury those circumstances in which an inference of consciousness of guilt was justified." *Commonwealth* v. *Porter,* 384 Mass. 647, 656 (1981). Contrary to the objection voiced below and still pursued here, the jury were instructed to "decide for yourself whether by that action which was described in the testimony, the defendant was indicating that he was conscious of some guilt *in this case"* (emphasis supplied). 7. When Robinson objected that the judge had tacked a doubtful embellishment onto the *Webster* charge *(Commonwealth* v. *Webster,* 5 Cush. 295, 320 [1850]), the judge instructed the jury that the "sole definition of reasonable doubt on which you are entitled to act is this," and reread the *Webster* charge verbatim (with one exception not complained of). That reading was immediately succeeded by the following: "That's the definition of proof beyond a reasonable doubt. If I said anything different from that in my original instruction, you'll limit my instruction to this part which I just read to you." Any notion that the jury disobeyed the quoted instructions or became confused finds no support in the record. Compare *Commonwealth* v. *Jones,* 373 Mass. 423, 426 (1977). Contrast *Commonwealth* v. *Wood,* 380 Mass. 545, 548-549 (1980).

*Judgments affirmed.*

*Geoffrey C. Packard* for Dennis Cole.
*Michael J. Traft,* Assistant District Attorney, for the Commonwealth.
*Stephen J. Weymouth,* for Kenneth Ray Robinson, submitted a brief.